## W. P. SHOEMAKER v. STATE.

No. A-8940.    Jan. 10, 1936.
Rehearing Denied Jan. 31, 1936.
(53 Pac. [2d] 1133.)

David Tant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the crime of shooting with intent to kill; was tried and convicted of the crime of assault to do bodily harm; and sentenced to imprisonment in the county jail of Payne county, Okla., for a term of one year.

The facts in brief, as disclosed by the record, show the defendant is a man of about 73 years of age; the boy the defendant is charged with shooting is a school boy, and was about 12 years of age at the time of the shooting. The home of the defendant is located near the schoolhouse, where the party injured, Arthur Lewis, was attending school. Near the road that Lewis passed going to and from school the defendant had a fruit orchard on his farm. On the 26th day of October, 1934, after school was out Arthur Lewis and some other children were passing the orchard, and Arthur went in through the fence, as he stated, for the purpose of getting some apples. After he had gotten through the fence Arthur states he discovered the defendant a short distance from him with his gun pointed at him, and the gun fired, hitting him, and he fell to the ground; the other children ran for help and Lewis was taken to the hospital. The doctor said some of the shots had punctured a lung and intestines, but as they were so small it did not develop any serious condition.

There is no denial that the defendant fired the shot that injured the prosecuting witness Arthur Lewis, and there is no denial by the prosecuting witness that he had gone into the defendant's orchard for the purpose of picking apples from one of the trees.

The defense made by the defendant is that he had a dog that was gun shy and he had been out that day shooting rabbits, and when he fired the shot it was for the pur-

pose of training the dog and breaking him from being gun shy; that he had not shot at the prosecuting witness and did not know he was in the orchard.

The record further discloses that there had been some contention by the defendant that the children had been coming into the orchard and picking some of his fruit, and the defendant had sent to the school teacher, Mr. Earnest Arnold, a note, some time prior to the date of the shooting, stating to Mr. Arnold, as follows:
"Mr. Arnold.

"Dear sir:

"Do not send the boys for your mail unless you watch and time them. They come over and steal my fruit. I shot at the Bickel boys yesterday. They have been in my orchard every day last week. Make them go around the road, then they won't get into trouble.

"Wm. Shoemaker."

James Bickel was a witness in the case against the defendant, as he was returning from school with the prosecuting witness at the time he entered the orchard of the defendant.

The defendant has assigned ten errors alleged to have been committed by the trial court, which he insists is sufficient to warrant a reversal. The first assignment discussed by the defendant is:

"The trial court erred in overruling the motion of the defendant to set aside the indictment."

The defendant insists that the indictment upon which he was tried was not found or indorsed, presented, or filed, as prescribed by the statutes and laws of the state of Oklahoma; that persons were permitted to be before the grand jury to advise them, the same being contrary to law.

Testimony was taken on the question raised by the defendant as to the indictment, argument presented, and the court overruled the defendant's contention, holding that the indictment was properly returned and indorsed by the grand jury. The main argument presented by the defendant as ground for setting aside the indictment is that the record affirmatively shows upon its face that the same was signed by J. M. Springer, special attorney appointed by the Governor. It was not denied by the state that J. M. Springer was present in the grand jury room at the time the grand jury was hearing evidence against the defendant. The record further shows that Mr. Springer was not in the grand jury room while the jury was considering its vote or voting. The record discloses that Mr. Springer was duly and regularly appointed by Wm. H. Murray, Governor of the state of Oklahoma. The appointment of Mr. Springer has by the argument of the defendant been admitted, but the main contention he makes is that under section 2863, O. S. 1931, there is no authority for the Governor to appoint anyone to be present in the grand jury room, citing in support of his contention, Hartgraves v. State, 5 Okla. Cr. 266, 114 Pac. 343, 33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180; State v. Maben, 5 Okla. Cr. 581, 114 Pac. 1122.

Section 8056, R. L. 1910, now section 3527, O. S. 1931, reads as follows:

"The Governor shall have power to employ counsel to protect the rights or interests of the state in any action or proceeding, civil or criminal, which has been, or is about to be commenced, and the counsel so employed by him may, under the direction of the Governor, plead in any cause, matter, or proceeding in which the state is interested or a party, may prosecute offenses against the law of the state, and may institute and conduct proceedings before grand juries: Provided, that nothing herein con-

tained shall limit the power of courts of record to appoint an attorney to prosecute criminal actions in such courts when the county attorney is disqualified or unable to act."

In Viers v. State, 10 Okla. Cr. 28, on page 40, 134 Pac. 80, 86, in discussing the question involved in this case, this court in part stated:

"Under section 8056, Rev. Laws 1910, the Governor is given the power to employ counsel to protect the rights or interest of the state in any action, civil or criminal, and the counsel so employed under the direction of the Governor may prosecute offenses against the laws of the state, and may institute and conduct proceedings before grand juries."

This court holds that under the appointment from the Governor, Mr. Springer had the authority to appear in the grand jury room and assist in presenting the evidence to the grand jury, and as the record shows he was not present when the grand jury was considering its vote and voting, we hold that the motion of the defendant to set aside the indictment was without merit and properly overruled.

It is next urged by the defendant that the court erred in permitting Earnest Arnold, one of the witnesses, to testify to the contents of a note he claims to have received from the defendant in this case; the defendant contending that the testimony as to the loss and destruction of the note not being sufficient to warrant the court in admitting secondary evidence. Earnest Arnold testified that the following week after he received the note that had been introduced in evidence he received another note from the defendant, but he did not know at the time he was testifying where the note was; he said in his opinion it was washed up in the washing machine; that he had made a

search for it but had been unable to locate it; that the note was from Mr. Shoemaker; and that it was in the same handwriting as the note that he had introduced in evidence, signed by Wm. Shoemaker. Witness was then permitted to give in substance the contents of the note, and stated it was delivered to him by Louise Davis.

The defendant insists that the evidence of the witness Arnold was improperly admitted, and relies on Davis v. State, 31 Okla. Cr. 109, 237 Pac. 471, to sustain his contention. In the second paragraph of the syllabus in the Davis Case, this court said:

"Parol testimony, as to the contents of a telegram, is not admissible, not being the best evidence, until proof of loss or destruction of the original telegram is made. But, error in admitting such secondary evidence without a proper predicate is harmless where an accused, in his cross-examination, admits sending the telegram and its contents."

We hold that the showing made by the state as to the loss or destruction of the second note or letter received by the witness Arnold, which was delivered to him by Louise Davis, wherein he stated he had searched for the document and failed to find it and in his opinion it was washed up in the washing machine, is a sufficient showing to permit the introduction of oral evidence as to the contents of the note or letter.

The evidence in this case is conflicting, and this court has many times held that where there was any competent evidence to sustain the verdict, though conflicting, this court would not interfere with the verdict. All of the testimony of the eyewitnesses shows the defendant shot at the injured party; his note to the school teacher advised him he had shot at the Bickel boys, and advised him to have the parties go around the road; that they had

been stealing his fruit, and if they did not go around the road they were liable to get shot. The jury heard the testimony of the defendant as to why he fired the shot, and from their action evidently did not believe his statement. However, the jury seems to have taken a very liberal and sympathetic view of the situation and gave the defendant the small sentence of twelve months in the county jail.

The record has been carefully read, and our conclusion is that the instructions given as a whole fully covered every phase of the case. We find no errors that would authorize this court in reversing the conviction. Our conclusion is that the defendant had a fair and impartial trial, with every right accorded to him that the law justifies or requires.

The judgment of the trial court is therefore affirmed.

EDWARDS and DOYLE, JJ., concur.