STATE OF MISSOURI at the relation of W. W. GRAVES, JR., Prosecuting Attorney of Jackson County, Relator, v. ALLEN C. SOUTHERN, Judge of Division 5 of the Circuit Court of Jackson County, designated as Criminal Division A.—124 S. W. (2d) 1176.

Court en Banc, February 3, 1939.

*W. W. Graves, Jr., M. W. O'Hern* and *W. J. Gilwer* for relator.

*Nick Cave, Ellison A. Neel* and *W. F. Woodruff* for respondents.

ELLISON, J.—I think the writ should be denied but that we should write a *per curiam* stating why.

The challenge to the drawing and organization of the grand jury comes too late under Sections 3514 and 3515, Revised Statutes 1929, because made after the jury was sworn. [State v. Richetti, 342 Mo. 1015, 119 S. W. (2d) 330, 333; State v. King, 342 Mo. 975, 119 S. W. (2d) 277.] But in view of the provisions of Section 3524, Revised Statutes 1929, I think Judge SOUTHERN is exceeding his

authority in assuming to exclude the prosecuting attorney, Graves, from the grand jury room or designating which of his assistants may appear before them. The statute provides:

"Such attorney shall be allowed at all times to appear before the grand jury on his request, for the purpose of giving information relative to any matter cognizable by them, and may be permitted to interrogate witnesses before them, when they or he shall deem it necessary; but no such attorney or any other officer or person, except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving their votes on any matter before them."

But the fact alleged in the petition for the writ that Judge SOUTHERN *has* assumed to exclude the prosecuting attorney and the Attorney General from the grand jury room does not warrant the granting of prohibition and even though the petition also alleges he will continue to do so I do not think we should grant a provisional rule and interrupt the grand jury proceedings. It is enough for us to indicate in our *per curiam* that Prosecuting Attorney Graves has a right to go before the grand jury whenever he deems proper, as in the section provided. However, neither the circuit court nor the prosecuting attorney can interfere with or frustrate the proceedings and deliberations of the grand jury. If it appears hereafter that either is doing so it will be time enough then to take proper steps to prevent it.

*Tipton, C. J.; Clark* and *Leedy, JJ.,* concur; *Hays, Gantt,* and *Douglas, JJ.,* concur merely in denying writ.