189 So.2d 217 (1966)
PINELLAS COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
William G. WOOLLEY and Lillian M. Woolley, His Wife, Appellees.
No. 7087.
District Court of Appeal of Florida. Second District.
July 8, 1966.
Rehearing Denied September 1, 1966.
*218 Page S. Jackson and John G. Fletcher, Clearwater, for appellant.
M.H. Jones, Clearwater, for appellees.
LILES, Acting Chief Judge.
Appellant, plaintiff below, brings this Interlocutory appeal from an order entered by the chancellor granting the motion for summary decree made by appellees, defendants below.
Plaintiff Pinellas County brought a suit in equity charging that defendants were maintaining on their property an incompleted structure which allegedly violated Chapter 57-1734, Laws of Florida, 1957. Plaintiff alleged its doubt at to its authority to require removal of the structure and prayed for a declaratory decree. Defendants defended primarily upon the theory that their property was excluded from the provisions of the act in question.
Chapter 57-1734, Laws of Florida, 1957, reads in pertinent part:
"Section 1. For the purpose of promoting the health, safety and general welfare of the community, the board of county commissioners of Pinellas county, Florida, is hereby authorized and empowered by resolution to require that lands in subdivisions [sic] and outside of subdivisions within the unincorporated area of Pinellas county, Florida, be cleared of weeds, debris and any noxious material of any kind which tend to be a breeding place or haven for snakes and vermin of all kinds and character, or which tend to create a fire hazard endangering the lives and property of the citizens of Pinellas county, or which tend to create a traffic hazard provided, however, that nothing herein shall pertain to any lands lying more than 150 feet from the nearest point of any intersection of any state, municipality, or county road within Pinellas county, or lying more than 600 feet from any inhabited dwelling within Pinellas county."
Defendants moved for a summary decree upon the ground that their property was located more than 150 feet from the nearest point of any intersection of any state, municipal or county road within Pinellas County, and the property was therefore exempt from the operation of the above-quoted act. The chancellor granted defendants' motion stating that "[t]he plain, clear and unambiguous phrasing of the controlling portion of the Statute effectively eliminates from its purview those lands lying either more than 150 feet from an intersection or more than 600 feet from an occupied dwelling." Plaintiff's appeal questions this construction.
The effect of the chancellor's construction is that two separate and distinct classes of property are excluded from the operation of the act. The first class consists of property lying more than 150 feet from the nearest point of any intersection of any state, municipal or county road within Pinellas County. The second class, according to the chancellor's interpretation, is property lying more than 600 feet from any inhabited dwelling within Pinellas County.
We observe, however, that if the chancellor's view is followed, the only property to which the act would apply is that lying within 150 feet of the nearest intersection. If all property located more than 150 feet from the nearest point of any intersection is excluded from the operation of the act, then there is no need to provide for the second exception, i.e., property lying more than 600 feet from an occupied dwelling, because it would make no difference how far the offending property was from an inhabited dwelling. The 600-foot exception would then be mere surplusage.
Furthermore, the chancellor's construction would exclude property lying, for example, 151 feet from an intersection but lying a mere 10 or 20 feet from an occupied house. Since the act provides for the clearing of property of weeds, etc. tending to create a fire or health hazard as well as noxious material or growth tending to *219 create a traffic hazard, it is highly doubtful that the Legislature intended such a result.
Two of the fundamental rules of statutory construction are that courts should construe a statute so that the plain intent of the Legislature is given effect and that courts should not construe a statute in such a manner as to reach an absurd conclusion if any other construction is possible. State Dept. of Public Welfare v. Bland, 66 So.2d 59 (Fla. 1953); State ex rel. Florida Industrial Comm. v. Willis, 124 So.2d 48 (D.C.A.Fla. 1960). Moreover, words in a statute should not be construed as surplusage if a reasonable construction which will give them some force and meaning is possible. 82 C.J.S. Statutes § 343. The chancellor himself recognized that "* * * as construed herein, the Act may be characterized as illogical and ineffective. * * *" He felt, however, that to give any other interpretation to the statute would amount to rewriting it, a task he was justifiably unwilling to undertake.
Much as we sympathize with this position, we feel that the obvious intent of the Legislature in passing the statute may be given effect by applying recognized rules of construction without rewriting the statute as such. The clause providing for the property excluded from the act's operation provides:
"* * * [P]rovided, however, that nothing herein shall pertain to any lands lying more than 150 feet from the nearest point of any intersection of any state, municipality, or county road within Pinellas county, or lying more than 600 feet from any inhabited dwelling within Pinellas county." (Emphasis added.)
Plaintiff contends that the italicized word "or" should be construed to mean the conjunctive "and." This contention has considerable merit.
In Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51 (1927), the Florida Supreme Court observer:
"In its elementary sense the word `or' is a disjunctive particle that marks an alternative, generally corresponding to `either,' as `either this or that'; a connective that marks an alternative. * * * There are, of course, familiar instances in which the conjunction `or' is held equivalent in meaning to the copulative conjunction `and,' and such meaning is often given the word `or' in order to effectuate the intention of the parties to a written instrument or of the Legislature in enacting a statute, when it is clear that the word `or' is used in a copulative and not in a disjunctive, sense. In statutes of this nature, however, the word `or' is usually, if not always, construed judicially as a disjunctive unless it becomes necessary in order to conform to the clear intention of the Legislature to construe it conjunctively as meaning `and.' In ascertaining the meaning and effect to be given the word `or' when construing a statute, the intent of the Legislature is the determining factor. * * *" (Emphasis added.) 93 Fla. at 425, 111 So. at 805.
Other jurisdictions have also acknowledged this rule of construction that the words "or" and "and" may be interchanged when it is required to effectuate the obvious intention of the Legislature and to accomplish the purpose of the statute. See Peacock v. Lubbock Compress Co., 252 F.2d 892 (C.A. 5th 1958); Smith v. R.F. Brodegaard & Co., 77 Ga. App. 661, 49 S.E.2d 500 (1948); Campbell v. Prudential Insurance Co., 15 Ill.2d 308, 155 N.E.2d 9 (1958); Green v. City of Mt. Pleasant, 131 N.W.2d 5 (1964); Duncan v. Wiseman Baking Co., 357 S.W.2d 694 (Ky. App. 1962); Romeo Homes v. Nims, 361 Mich. 128, 105 N.W.2d 186 (1960); Hurley v. Eidson, 258 S.W.2d 607 (Mo. 1953); Uldrich v. State, 162 Neb. 746, 77 N.W.2d 305 (1956); and Garratt v. City of Philadelphia, 387 Pa. 442, 127 A.2d 738 (1956).
If the word "or" linking the two exclusionary clauses is read in its disjunctive sense, then the obvious intent of *220 the Legislature to regulate property lying within 150 feet from an intersection and within 600 feet of an inhabited dwelling is defeated. The 600-foot exception becomes mere surplusage, and the act becomes "illogical and ineffective." If, however, the connecting "or" is read in a conjunctive sense, the act is given its clear and obvious meaning. In view of the rules of construction discussed above, the word "or" should be given its conjunctive meaning.
We hold, therefore, that the chancellor erred in granting defendants' motion for summary decree on the basis that their property came within the exclusionary provisions of Ch. 57-1734, Laws of Florida, 1957, merely because their property was located more than 150 feet from the nearest point of any intersection of any road. The order granting the motion for summary decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Appellees have filed a Suggestion of Lack of Jurisdiction in this case. Their argument is that the Order of the lower court granting their motion for summary decree is a final decree and that appellant should have taken a full appeal rather than an Interlocutory appeal.
The order appealed reads: "Ordered, Adjudged and Decreed that Defendants' * * * Motion for Summary Decree, be and the same is hereby granted." This is clearly not a "final" decision, order or judgment within the provisions of F.A.R. 3.2(b), 31 F.S.A. Arnold v. Brady, 178 So.2d 732 (D.C.A.Fla. 1965).
The case is one in equity, and Rule 4.2, subd. a, F.A.R., governing Interlocutory Appeals, states in part:
"Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person, appeals * * * from interlocutory orders or decrees in equity * * * may be prosecuted in accordance with this rule * * *." (Emphasis added.)
In Lehmann v. King's, Inc., 181 So.2d 228 (D.C.A.Fla. 1965), this court said with regard to the above-quoted rule:
"* * * No distinction is made as to character of equity orders contemplated, and the rule is meant to encompass all such orders. * * * The order appealed is one entered pursuant to equitable proceedings and may therefore be appealed pursuant to Rule 4.2, subd. a, Fla.App. Rules."
Thus it would seem that appellant's appeal is proper under the rules regarding Interlocutory Appeals, even though it may have been preferable to obtain a final decree and bring a full appeal.
Reversed and remanded.
HOBSON and PIERCE, JJ., concur.