197 So.2d 315 (1967)
Samuel Davis DOTTY, Appellant,
v.
STATE of Florida, Appellee.
No. 618.
District Court of Appeal of Florida. Fourth District.
April 11, 1967.
*316 Morton J. Perlin, Hollywood, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Fred T. Gallagher, Asst. Atty. Gen., Vero Beach, for appellee.
CROSS, Judge.
The appellant (defendant) was indicted for rape. He was tried and convicted by a jury that recommended mercy. A motion for a new trial was denied and defendant was adjudged guilty and sentenced to life imprisonment. It is from this judgment and sentence that this appeal is taken.
Appellant contends the trial court erred in denying his motion to quash the indictment on the ground the prosecuting attorney and the assistant prosecuting attorney were both present before the grand jurors at the same time for the purpose of examining witnesses in their presence and giving the grand jurors legal advice regarding the offense lodged against the appellant contrary to F.S.A. §§ 905.17[1] and 905.19.[2]
Appellant's position is that F.S.A. § 905.17 under the heading "Who may be present during sessions of the grand jury" should be strictly construed. Appellant contends that the word attorney is in the singular and not plural and also proffers for determination F.S.A. § 905.19 under the heading "Duty of prosecuting attorney". Again, appellant contends the word "attorney" is in the singular and states it is equally important that the disjunctive "or" is used rather than the conjunctive "and".
Florida Statute 905.19 confers authority for the prosecuting attorney to attend all sessions of the grand jury. The purpose of a prosecuting attorney in attendance of a grand jury is not perfunctory. He assists and renders many services to them, and it has long been established throughout the country and in this state that an "assistant to the state attorney" may be present with the state attorney before the grand jury to give legal advice. Miller v. State, 1900, 42 Fla. 266, 28 So. 208; Taylor v. State, 1905, 49 Fla. 69, 38 So. 380. Other jurisdictions are in accord:
"* * * `Assistant or deputy prosecuting officers and special assistants to the regular prosecuting officer, duly authorized to assist the latter in the discharge of his duties, are invested with *317 the same rights and subject to the same restrictions, with respect to appearing before the grand jury and participating in the proceedings before that body as the regular prosecuting officer * * *.' 38 C.J.S. Grand Juries § 40b, p. 1043; 4 A.L.R.2d 400; Meyers v. Second Judicial District Court, 108 Utah 32, 156 P.2d 711, 713; Shoemaker v. State, 58 Okla. Cr. 394, 53 P.2d 1133, 1134; State v. Coleman, 226 Iowa 968, 285 N.W. 269; State ex rel. Graves v. Southern, 344 Mo. 14, 124 S.W.2d 1176; People v. Blair, 17 Misc.2d 265, 33 N.Y.S.2d 183, 189; Commonwealth v. Brownmiller, 141 Pa.Super. 107, 14 A.2d 907; accord Clarke v. State, 44 Ga. App. 341, 161 S.E. 674; Christopher v. State, 21 Ga. App. 244, 94 S.E. 72; Williams v. State, 69 Ga. 11, 28. * * *" Mach v. State, 1964, 109 Ga. App. 154, 135 S.E.2d 467.
As the population of this state increased it became apparent that assistants other than those provided for by F.S.A. § 27.18[3] entitled "Assistant to state attorney" were necessary in order for the state attorney to perform all the powers and duties prescribed by law. The legislature took cognizance of this situation and enacted in 1935 Chapter 16784 of which Section 1 of the said chapter became and is now F.S.A. § 27.19.[4] This statute created the office of "assistant state attorney." Shortly thereafter it was determined in this state that assistant state attorneys have the same powers and duties as state attorneys subject to the restriction of the state attorney as provided by law. State ex rel. Cooper v. Coleman, 1939, 138 Fla. 520, 189 So. 691. "Assistant state attorney" and "assistant prosecuting attorney" for all practical purposes are interchangeable.
An assistant state attorney's function encompasses within it much more than those functions of an assistant to the state attorney. When the legislature promulgated F.S.A. § 27.19 it was certainly not its intention to limit the acts of "assistant state attorneys" and place their status below that which an assistant to the state attorney could and had a right and obligation to do, that is to appear as an assistant to the state attorney before the grand jury. To hold so would be inconsistent with policies long established and dating back to the English common law.
In ascertaining the meaning and effect to be given in construing a statute the intent of the legislature is the determining factor. Although in its elementary sense the word "or" is a disjunctive participle that marks an alternative generally corresponding to "either" as "either this or that"; a connective that marks an alternative. There are, of course, familiar instances in which the conjunctive "or" is held equivalent to the copulative conjunction "and", and such meaning is often given the meaning "or" in order to effectuate the intention of the parties to a written instrument or the legislative intent in enacting a statute when it is clear that the word "or" is used in the copulative and not in a disjunctive sense. Pompano Horse Club, Inc. v. State, 1927, 93 Fla. 415, 111 So. 801, 52 *318 A.L.R. 51; se ealso Pinellas County v. Woolley, Fla.App. 1966, 189 So.2d 217. Particularly do these rules apply, even if the results seem contrary to the rules of construction to the strict letter of the statute, when a construction based on the strict letter of the statute would lead to an unintended result and would defeat the evident purpose of the legislation. Payne v. Payne, 1921, 82 Fla. 219, 89 So. 538.
Consistent with the intent of the legislature, laws which are penal in nature should be strictly construed while laws that are remedial in nature should be construed liberally. State ex rel. Cooper v. Coleman, supra. A statute is penal in nature if it imposes punishment for an offense committed against the state and its term includes all statutes which command or prohibit acts and establishes penalties for their violations to be recovered for the purpose of enforcing obedience to the law and punishing its violation. However, a statute relating to procedure is remedial in nature in that it gives a remedy and tends to abridge some defect or superfluities of the common law.
To give effect to the evident legislative intent in construing F.S.A. §§ 905.17 and 905.19 we construe the statutes as being remedial in nature granting authority to the prosecuting attorney to appear before the grand jury. Without this authority the purpose and duties of the prosecuting attorney would be very much circumscribed.
The legislature in promulgating F.S.A. §§ 905.17 and 905.19 similarly imposed official duties upon prosecuting attorneys, and the presence of the assistant prosecuting attorney with the prosecuting attorney before the grand jury during the examination of evidence affords no grounds for setting aside an indictment, since the powers of an assistant prosecuting attorney are coextensive with the powers of the prosecuting attorney including the power to appear before the grand jury, assisting in the examination of witnesses and advising on questions of law.
We have carefully considered the other points raised on appeal by the appellant and find no error.
Affirmed.
ANDREWS, Acting C.J., and McLANE, RALPH M., Associate Judge, concur.
NOTES
[1] F.S.A. § 905.17 "Who may be present during sessions of grand jury. No person shall be present at the sessions of the grand jury except the witnesses under examination, the prosecuting attorney, and the interpreter, if any. * * *"
[2] F.S.A. § 905.19 "Duty of prosecuting attorney. The prosecuting attorney or assistant prosecuting attorney shall attend the grand jurors for the purpose of examining witnesses in their presence, or of giving grand jurors legal advice regarding any matters cognizable by them. * * *"
[3] F.S.A. § 27.18 "Assistant to state attorney. The state attorney, by and with the consent of court, may procure the assistance of any member of the bar when the amount of the state business renders it necessary, either in the grand jury room to advise them upon legal points and framing indictments, or in court to prosecute criminals; but, such assistant shall not be authorized to sign any indictments or administer any oaths, or to perform any other duty except the giving of legal advice, drawing up of indictments, and the prosecuting of criminals in open court. His compensation shall be paid by the state attorney and not by the state."
[4] F.S.A. § 27.19. "Assistant state attorneys. In all judicial circuits of Florida composed of seven or less counties, except the sixth judicial circuit, and the seventh judicial circuit, there shall be one assistant state attorney and in all judicial circuits composed of more than seven counties there shall be two assistant state attorneys. The state attorney and assistant state attorney of the first judicial circuit shall not reside in the same county."