QUESTION: Does the provision in Ch. 73-349, Laws of Florida (s. 218.34(4), F.S.), which authorizes the local governing authority, in its discretion, to review and approve the budget or tax levy of any special district located solely within its boundaries contemplate the approval of special district budgets "in toto," rather than by line item?
SUMMARY: When a local governing authority exercises its discretionary authority pursuant to s. 218.34(4), F.S., to review and approve the budget or tax levy of a special taxing district located wholly within its boundaries, such budget or tax levy should be reviewed and either approved or disapproved in toto, rather than on a line item basis. Your question is answered in the affirmative for reasons indicated in the following discussion. As your letter indicates, s. 2 of Ch. 73-349, Laws of Florida, amends Ch. 218, F.S., by adding, in part, the following provision: 218.34 Special districts, financial matters. — * * * * * (4) The local governing authority may, in its discretion, review and approve the budget or tax levy of any special district located solely within its boundaries. Section 218.31(3), F.S., defines "local governing authority" to mean "the governing body of a unit of local general purpose government." "Unit of local general purpose government" is defined as "a county or municipality established by general or special law," s. 218.31(2), F.S. The review authority conferred upon local governing authorities by the above-quoted provision is couched in very general terms. Implementing details are conspicuously absent from the law, and the legislative purpose must be ascertained through an application of established canons of statutory construction in order to resolve the issue raised in your question. It should be noted that the discretionary review authority vested in local governing authorities by s. 218.34(4), F.S., applies to the budget or the tax levy of a single-county special taxing district. In its usual sense, the word "or" denotes an alternative. [See] 30 Fla. Jur. Statutes s. 94. Given this usual disjunctive meaning, s. 218.34(4) might be viewed as authorizing the local governing authority to review and approve either the budget of the singlecounty special taxing district or its tax levy, but not both. It is my opinion, however, that the word or as used therein, should not be so construed. Rather it should be interpreted to empower the local governing authority to review and approve both the budget of the special taxing district and its tax levy interdependently. It is proper to construe the word or in a statute as a conjunctive article where construction according to its usual disjunctive sense would lead to an unintended result and would defeat the purpose of the legislation. Dotty v. State, 197 So.2d 315 (4 D.C.A. Fla., 1967); Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A. Fla., 1966). In reviewing a tax levy under s. 218.34(4), or in apportioning tax levies under s. 200.071, F.S., a local governing authority will often find it necessary to review the budget of a special taxing district in order to make an informed decision. For instance, where a taxing district obtains revenue from sources other than ad valorem taxes, a local governing authority must evaluate the impact of such revenues upon the district's budget needs in evaluating the tax levy requested by the district. Since the budget of a special taxing district and its tax levy are functionally interdependent in the sense that the propriety of one cannot be determined without reference to the other, it is my opinion that the legislature intended to authorize local governing authorities to review both budgets and tax levies of single-county special taxing districts. However, that conclusion does not imply that s. 218.34(4), supra, authorizes line item review of the budgets of single-county special taxing districts. Notwithstanding the authority of the governing board of the county in certain circumstances to apportion the millage to be levied for the various taxing authorities, s. 200.071, F.S., the tax levy of any taxing authority is an aggregate amount which can be reviewed and either approved or disapproved only in the aggregate. Attorney General Opinion 070-138. Since the review of a special taxing district tax levy and the review of the budget of such district are interdependent under s. 218.34(4), it may be inferred that that section contemplates the review of district budgets or tax levies in toto, rather than by line item. A construction of s. 218.34(4), supra, which favors review of district budgets or tax levies in toto is further substantiated by considering the effect of line item review upon the existing framework of laws governing the operation of special taxing districts. In this case, for example, s. 5 of Ch. 11272, 1925, Laws of Florida, vests in the commissioners of the Halifax Hospital District the prerogative to control the internal functioning of the district, to assess its needs and set priorities, and to allocate its resources accordingly. Section 5 provides in part: Said Board of Commissioners is hereby authorized and empowered to establish, construct, operate, and maintain such hospital or hospitals as in their opinion shall be necessary for the use of the people of said district. . . . (Emphasis supplied.) Section 218.34(4), supra, is a general law, while Ch. 11272, supra, is a special law. It is the well-established jurisprudence of this state that a general law will not be held to modify a special act, absent express modification or repeal, unless the relevant provisions of the two are in a state of positive repugnancy. Sanders v. Howell, 74 So. 802 (Fla. 1917). Rather, the preferred construction of such interdependent laws is one which preserves an appropriate sphere of operation to each. Cf. American Bakeries v. Haines City, 180 So. 524 (Fla. 1938); State v. Crume,180 So. 38 (Fla. 1938). A construction of s. 218.34(4) permitting in toto review of budgets or tax levies would enable local governing authorities to control the level of public funds derived from taxation or other sources of revenue committed to special district operation without altering the decision-making authority vested by law in the governing bodies of such districts. In contradistinction, line item review would permit local governing bodies to supersede virtually every aspect of the fiscal decision-making authority heretofore vested by the legislature in the governing bodies of single-county special taxing districts. Under the constructional maxim discussed above, the latter construction is not favored. In order to justify such a construction, it would be necessary to infer that the legislature, by enacting s. 218.34(4), intended for the budget or tax-levy review provision in question to be a general revision of the laws pertaining to the fiscal management of singlecounty special taxing districts. If such were the case, then the myriad legislative enactments creating the affected districts and delegating powers and duties to their governing boards and commissions would of necessity be modified by implication so as to allow for the paramount decision-making authority of local governing authorities. See American Bakeries v. Haines City, supra. That the legislature intended such results appears highly unlikely, especially in light of the brevity with which the legislature approached this subject in Ch. 73-349, supra, and the absence of specific language in the act to indicate the legislative desire for such far-reaching effects. Moreover, s. 218.34(1), F.S., requires the governing body of each special district to make appropriations for each fiscal year, not to exceed the amount of revenue from all sources, and prohibits the withdrawal from the district treasury of any moneys except in pursuance of such appropriations. Finally, it should be noted that . . . [w]hen power is granted by law to counties, districts, or municipalities, the exercise of the power must be in accord with the grant; and any doubt as to the grant or to the extent of a power so granted, should be resolved against the county, district, or municipality asserting the power. (See Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 So. 667, 51 Am.St.Rep. 24, 30 L.R.A. 540.) Williams v. Town of Dunellon,169 So. 631 (Fla. 1936). See also Certain Lots, etc. v. Town of Monticello, 31 So.2d 905 (Fla. 1947); AGO 072-162; 30 Fla. Jur. Statutes s. 126. Given the general scope of the budget or tax-levy review authority vested in local governing bodies by s. 218.34(4), supra, such authority should in my opinion be construed to permit the review and approval or disapproval of a single-county special taxing district budget or tax levy in toto, rather than on a line item basis.