QUESTIONS: 1. Does s. 489.05, F. S., require applicants for watchmakers' licenses to be examined, theoretically and practically, on both watches and clocks, or, may each applicant be examined in the area of individual preference or specialty? 2. Does s. 489.01(1), F. S., combine watch and clock repairing into one trade, or can they be considered as two separate trades permitting the Florida Watchmakers' Commission to issue separate licenses and to restrict each applicant to the trade in which the applicant is examined?
SUMMARY: It is the intent of Ch. 489, F. S., that applicants be examined by the Florida Watchmakers' Commission on the proper repair, rebuilding, and regulating of both watches and clocks. The commission is without statutory authority to examine applicants for, or to grant separate licenses to examinees for, the repair of watches and clocks or to restrict a licensee to practice of the trade of either watchmaking or clockmaking. Your questions are interrelated and will be answered together. "Watchmaking" is defined by s. 489.01, F. S., and by Rule 21Y- 1.01, F.A.C., to include the repair of watches or clocks. The language of s. 489.01, supra, is in the disjunctive, and in the elementary sense the word "or" indicates an alternative, generally corresponding to "either" as "either this or that," and often connects a series of words or propositions which present a choice. Pompano Horse Club v. State, 111 So. 801 (Fla. 1927), 52 A.L.R. 51; also see AGO's 058-199 and 073-265. The word "or" is usually construed judicially as a disjunctive unless it becomes necessary in order to conform to the clear intention of the Legislature to construe it conjunctively as meaning "and," the intent of the Legislature being the determinative factor. Pinellas County v. Wooley,189 So.2d 217 (2 D.C.A. Fla., 1966); Infante v. State, 197 So.2d 542
(Fla. 1967). The statutory definition of "watchmaking" is that a watchmaker is one who repairs, replaces, rebuilds, etc., either watches or clocks or both. The conjunctive "or" is often used to join two aspects of the same entity rather than two separate entities. Infante v. State, supra; also see Edwards v. State,56 So. 401 (Fla. 1911); The Telophase Society of Fla. Inc. v. St. Bd. of Funeral Directors, 308 So.2d 606 (2 D.C.A. Fla., 1975), cert. denied, 327 So.2d 229 (Fla. 1976), holding that a statutory definition of "funeral directing" in which various categories were separated by the word "or" made any of the enumerated activities subject to the regulatory provisions of Ch. 470, F. S.; and Dotty v. State, 197 So.2d 315 (4 D.C.A. Fla., 1967), holding that the word "or" separating the words "[t]he prosecuting attorney" and "assistant prosecuting attorney" granted authority to the assistant prosecuting attorney to appear before the grand jury with the prosecuting attorney within the meaning of ss. 905.17 and905.19, F. S.; and cf. Pinellas Co. v. Wooley, supra, holding that a statutory provision regulating use of property within 150 feet of the nearest point of any intersection or lying more than 600 feet from any inhabited dwelling should read as if "or lying" were written "and lying," in order to effectuate the legislative intent and to accomplish the purpose of the statute. The statute does not grant an individual applicant a choice or allow any preference as to the area of practice he wishes to be examined on and does not limit the practice of "watchmaking" to one or the other or require a choice between the two. Neither does the statute purport to define "clockmaking" as a separate trade or practice from watchmaking. Section 489.05, F. S., provides for the examination of applicants on the knowledge, practical ability, and skill essential to the proper repair of watches and clocks. Only those applicants who successfully pass such examination may be issued a certificate of registration or license certificate. Section 489.06, F. S. The word "and" in s. 489.05, supra, is used in the ordinary conjunctive sense connecting two requirements for examination. "Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive `and' should be used." Sutherland Statutory Construction, Fourth Edition, Vol. 1A p. 90. For examination and licensing purposes, the operative and regulatory force of the statute rests in ss. 489.05 and 489.06, F. S., which, respectively, direct and require that an applicant be examined in the designated areas of watch and clock repair and construction and that, if the applicant successfully passes such examination, the commission register such fact in its records and issue to such applicant a certificate of registration or license certificate. It seems clear that, although the definition of "watchmaking" applies to either watches or clocks or to both and to no other device or activity, the Legislature intended the examination procedures and requirements of s. 489.05, supra, to include the knowledge and practical skill of rebuilding, repairing, or regulating both watches and clocks. No examination requirements or procedures are specified anywhere in Ch. 489, F. S., for the rebuilding, repairing, or regulating of clocks as a trade or practice separate and apart from watches or the trade of watchmaking. Therefore, it is my opinion that, when reading the definition of watchmaking in pari materia with the examination and licensing requirements of ss. 489.05 and 489.06, supra, the Legislature intended applicants to be examined on and licensed for the repair, rebuilding, and regulating of both watches and clocks. Furthermore, the commission lacks the legislative grant of authority to license watchmakers by any procedures that differ from the provisions of ss. 489.05 and 489.06. A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), In re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975). For the commission to issue a license restricting an individual to "clockmaking" is to exceed the limits of authority granted by the Legislature and is per se illegal. Greenberg v. Florida State Board of Dentistry, 297 So.2d 629 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); Atlantic Coast Line R. Co. v. State, 143 So. 255 (Fla. 1932).