Jim Tait Secretary of Administration Department of Administration Tallahassee
QUESTION:
Are employees of the Canal Authority of the State of Florida eligible to participate in the state officers and employees group insurance program provided by s. 112.075, F. S.?
SUMMARY:
Employees of the Canal Authority of the State of Florida are state employees, and, if otherwise eligible, the full-time employees of the authority are entitled to participate in the state officers and employees group insurance program.
Your question is answered in the affirmative.
Section 112.075, F. S., the state officers and employees group insurance program, was enacted to authorize a group life, health, and accident insurance benefit program for, inter alia, `all state officers [and] full-time state employees holding salaried positions . . . .' Section 112.075(2)(a) defines `full-time state employees' to include `all full-time employees of all branches oragencies of state government paid by state warrant or from agency funds . . . .' (Emphasis supplied.)
Section 374.011, F. S., provides for the creation of `The Canal Authority of the State of Florida' as a body corporate to operate under the supervision of the Department of Natural Resources. The capital of the corporation is `determined to be of a value of $20 million,' s. 374.021, F. S., and is derived from state government under the provisions of part I of Ch. 374, F. S. The broad powers granted to the Canal Authority include the power to
 . . . select, employ and dismiss at pleasure such officers [and] employees . . . as shall be necessary or expeditious for the transaction of the business of the corporation . . . to fix the compensation of all officers [and] employees . . . of the corporation . . . . The board of directors shall determine and prescribe the manner in which the corporation's . . . expenses [are] allowed and paid. [Section 374.041, F. S.]
See also s. 374.111, which requires that any surplus revenues that `may be accumulated from time to time, over and above the cost of operation, administration and maintenance' and over and above any debt service requirements `shall be covered into the State Treasury' to be used for the purpose of tax reduction.
Pursuant to the Governmental Reorganization Act of 1969, s. 25(8), Ch. 69-106, Laws of Florida, the Canal Authority was transferred to the Department of Natural Resources by a `type one transfer.' Section 6(1) of the act, codified as s. 20.061(1), F. S., defines a `type one transfer' to mean:
 . . . the transferring intact of an existing agency or of an existing agency with certain identifiable programs, activities, or functions transferred or abolished so that the agency becomes a unit of a department. Any agency transferred to a department by a type one transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department.
See also s. 20.03(11), F. S., defining `agency' for the purposes of Ch. 20, and as the context thereof may require, to mean `an official, officer, commission, authority, council, committee, department, division, bureau, board, section, or another unit or entity of government.'
In AGO 062-160, this office opined that the canal Authority was a state agency, and that its officers and employees were state officers and employees within the purview and operation of the uniform travel expense law, s. 112.061, F. S. See also AGO 074-17, in which it was concluded that the authority was `created as a corporate authority of the State of Florida, as an agency of the state . . . and was transferred intact into the Department of Natural Resources as a unit of that state governmental agency.' I am unaware of any statute transferring the Canal Authority from the Department of Natural Resources to any other department of state government or in any manner changing its status as a unit of that department of state government.
The foregoing considerations led my predecessor in AGO 078-166 to find that the Canal Authority is a `state agency' within the definitional purview of Ch. 216, F. S. Additionally, it was therein observed that `the Canal Authority is a unit of, and a part of the Department of Natural Resources and its directors are `officers' of the executive branch of state government.'
It seems evident, therefore, that the Canal Authority is an agency of state government for the purposes of s. 112.075, F. S. With respect to the employees of the authority, s. 112.075(2)(a) provides that the term `[f]ull-time state employees' shall include `all full-time employees of all branches or agencies of state government paid by state warrant or from agency funds . . . .' (Emphasis supplied.) You state that the employees of the Canal Authority are not paid by state warrant, and that you are in doubt as to the meaning of the phrase `or from agency funds' as used in the above-quoted definition.
When the phrase `by state warrant or from agency funds' is examined, however, it is clear that the word `or' is used in its disjunctive sense, thereby indicating two different alternatives.See Pompano Horse Club v. State, 111 So. 801 (Fla. 1927); Dotty v. State, 197 So.2d 315 (4 D.C.A. Fla., 1967). Thus, the Legislature must have intended to include those payments made from the public funds of the state agency as well as those payments made by state warrant. Accordingly, I am of the view that the term `agency funds' means any public funds of a state agency, from whatever source derived, that are used to pay the salaries of the full-time employees of the state agency. It follows, then, that the full-time employees of the Canal Authority are state employees within the definitional purview of s. 112.075, F. S. Cf. In re
Florida Board of Bar Examiners, 268 So.2d 371 (Fla. 1972), in which the Supreme Court ruled that the employees of the Board of Bar Examiners were state employees within the contemplation of Ch. 72-399, Laws of Florida, codified as s. 112.075, the state officers and employees group insurance program. The court explained its decision on p. 372 by stating that the Board of Bar Examiners
 . . . created pursuant to authority of the State Constitution is a state agency under the judicial branch of government and its employees are state employees just as, for example, legislative employees are state employees.
In reaching the foregoing conclusion, I have not overlooked this office's opinion in AGO 073-32 in which it was concluded that employees of the Jacksonville Transportation Authority, the Tampa-Hillsborough County Expressway Authority, and similar entities were not eligible for participation in the state officers and employees group insurance program. The independent statutory agencies considered in that opinion, however, were not assigned to the executive branch of state government pursuant to the Governmental Reorganization Act, supra. See also AGO 076-185. Thus, it is clear that the conclusions reached in AGO 073-32 are not applicable to the instant inquiry.
Prepared by:
Patricia R. Gleason Assistant Attorney General