Dr. Elton J. Gissendanner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32303
Dear Dr. Gissendanner:
This is in response to your request for an opinion on the following question:
 ARE NONCRIMINAL BOATING INFRACTIONS SUBJECT TO A $3.00 ASSESSMENT FOR COURT COSTS AND A $2.00 ASSESSMENT FOR LAW ENFORCEMENT TRAINING PROGRAMS PURSUANT TO s. 943.25, FLORIDA STATUTES?
Section 943.25, F.S. (1985), as amended by s. 16, Ch. 86-187, Laws of Florida, in pertinent part as it appears in the text of the 1986 Supplement provides:
 All courts created by Article V of the State Constitution shall, in addition to any fine or other penalty, assess $3 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance. Any person whose adjudication is withheld pursuant to the provisions of s. 318.14(9) or (10) shall also be assessed such cost. (e.s.)
Subsection (8) of s. 943.25 (1985), as amended by s. 16 of Ch. 86-187, further provides: "Municipalities and counties may assess an additional $2, as aforesaid, for expenditures for criminal justice education degree programs and training courses. . . ." During the 1986 Legislative Session, s. 943.25, F.S. 1985, was also extensively amended by s. 11 of Ch. 86-154, Laws of Florida. The text of that amended version of the statute was placed in a note following s. 943.25 as it appears in the 1986 Supplement. The Preface to the Florida Statutes generally explains the reason that the Division of Statutory Revision does not always incorporate legislative amendments to a statute made by separate bills as follows:
 It occasionally happens that the Legislature enacts two or more bills that relate to the same provision of the Florida Statutes. In such cases, the editors must find the legislative intent from the best evidence available. When the provisions of two amendatory acts are not mutually inconsistent, the language is meshed and full effect is given to both acts. On the other hand, when the provisions of two amendatory acts are in irreconcilable conflict, the editors apply the usual canons of statutory construction in determining which version to publish, inserting a note calling attention to the conflict and setting forth the alternative text pending resolution of the conflict by further legislative action. (Italics in original).
The fact that there are two alternative versions of s. 943.25, F.S. (1986 Supp.), would not, however, appear to affect the present inquiry since the relevant language to be construed (as emphasized in the version set forth above) is identical. Thus, pertinent to your inquiry, the $3.00 court cost is to be assessed against every person convicted for violation of a state penal or criminal statute. Municipalities and counties may assess an additional $2.00, "as aforesaid," for purposes specified in s.943.25(7)(a). The question presented is whether a noncriminal boating infraction under s. 327.73, F.S. (1986 Supp.), constitutes a state penal or criminal statute which is subject to the additional assessments provided by s. 943.25, F.S. (1986 Supp.)
Section 327.73(a), F.S. (1986 Supp.), sets forth that violations of the enumerated provisions of Ch. 327, F.S., are "noncriminal infractions." In relevant part, subsection (1) states:
 Any person cited for a violation of any such provision shall be deemed to be charged with a noncriminal infraction, shall be cited for such an infraction, and shall be cited to appear before the county court. The civil penalty for any such infraction is $35, except as otherwise provided in this section.
Any person cited for a noncriminal boating infraction under s.327.73 may post a bond in an amount equal to the applicable civil penalty, or sign and accept a citation indicating a promise to appear. Section 327.73(2). Any person charged with a noncriminal infraction under s. 327.73 who signs and accepts a citation may pay the applicable civil penalty within 10 days of the date of receiving the citation, or appear before the county court for a hearing. If a person elects to pay the civil penalty or to forfeit the bond, "he shall be deemed to have admitted the infraction and to have waived his right to a hearing on the issue of commission of the infraction." Section 327.73(4). Any person who elects to appear before the county court waives the limitations of the applicable civil penalty and the court may impose a civil penalty up to $500 upon a determination that an infraction has been committed. Section 327.73(5). For purposes of s. 943.25, F.S., it is clear that a noncriminal boating infraction is not a violation of a state criminal statute. Section 775.08, F.S., in setting forth the classes and definitions of offenses, in subsection (3) defines the term "noncriminal violation" to mean
 any offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by no other penalty than a fine, forfeiture, or other civil penalty. A noncriminal violation does not constitute a crime, and conviction for a noncriminal violation shall not give rise to any legal disability based on a criminal offense. (e.s.)
However, the additional charges mandated by s. 943.25 are also applicable to state penal statutes. The American Heritage Dictionary of the English Language 968 (1979) defines "penal" to mean "[o]f or pertaining to punishment, especially for breaking the law." Black's Law Dictionary 1289 (Rev.ed. 1968) states that a penal action is one "which enforces a forfeiture or penalty for transgressing the law. The term `penal' is broader than `criminal,' and relates to actions which are not necessarily criminal as well. . . . [T]he term applies mostly to a pecuniary punishment." In Dotty v. State, 197 So.2d 315, 318 (4 D.C.A.Fla., 1967), the district court stated: "A statute is penal in nature if it imposes punishment for an offense committed against the state and its term includes all statutes which command or prohibit acts and establishes penalties for their violations to be recovered for the purpose of enforcing obedience to the law and punishing its violation."
More directly on point, this office in AGO 75-4 stated a person who pays a civil penalty for violation of a noncriminal traffic infraction, whether he pays a civil penalty before or after a hearing or forfeits bond, "the accused must be deemed to have acted in response to a charge of violating a `penal' statute within the meaning and intent of" s. 943.25, F.S. See also, Rule 6.560, Rules for Traffic Courts, which in relevant part, provides: "An admission or determination that a person has committed a traffic infraction shall constitute a conviction as that term is used in Chapter 322, Florida Statutes, and section 943.25, Florida Statutes, unless adjudication is withheld by an official in those cases in which withholding of adjudication is not otherwise prohibited by a statute or rule of procedure." Cf., Rule 6.470(c), supra, amended by In re Florida Rules of Practice, 494 So.2d 1129
(Fla. 1986), to provide: "The assessments for law enforcement training established in section 943.25, Florida Statutes, shall be collected in addition to the civil penalty if there is a hearing, or, in addition to the costs required under section 318.14(9) and (10), Florida Statutes." During the 1986 Legislative Session, s.943.25(4), F.S., was amended by s. 11, Ch. 86-154, Laws of Florida, which added the following language: "However, the aforesaid assessment shall not be imposed in addition to civil penalties provided in s. 318.18."
Based upon this analysis it would appear that s. 327.73, F.S. (1986 Supp.), is a state penal statute, which, unless expressly exempted by the Legislature, would be subject to the additional assessments required by s. 943.25, F.S. (1986 Supp.). I am therefore of the opinion that boating violations under the provisions enumerated in s. 327.73, F.S., are subject to the assessment for court costs and the $2.00 assessment for law enforcement training programs pursuant to s. 943.25, F.S. (1986 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Craig Willis Assistant Attorney General