568 So.2d 483 (1990)
Emma WINEMILLER, Appellant,
v.
Peter FEDDISH, Appellee.
No. 89-1332.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Rehearing and Clarification Denied November 7, 1990.
Daniel E. Jacobson of Jacobson, Cohen & Cohen, P.A., Fort Lauderdale, for appellant.
Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale, for appellee.
WARNER, Judge.
This is an appeal from a judgment entered against plaintiff appellant in a personal injury action. She contends that the court erred in construing an ordinance applicable *484 to the case. We agree and reverse.
Appellant sustained injuries when the pedal of the bike she was riding hit a coral rock in the swale of appellee's property. Appellant filed a two count complaint against appellee. Count I alleged common law negligence for failure to properly maintain the swale area, and Count II alleged a violation of a City of Tamarac ordinance which she alleged was negligence per se.
The ordinance in question, Tamarac City Ordinance, Article One, Section 23.2(C), states:
The placement and maintenance of shrubbery, above-the-ground sprinkler systems, mailboxes, signs, tree trimmings, refuse, concrete blocks, coral rock, pyramid-shaped cement curbstones, or any other sharp-edged or pointed organic or non-organic or poisonous material which could cause a road or traffic hazard, or injury to pedestrians, on the swale area adjacent to the public right-of-way within the ten-foot area measured from the edge of the paved surface of the vehicular right-of-way is prohibited.
Appellee filed a motion for summary judgment on Count II and asserted that the ordinance in question did not apply to him since it was the previous owner who had placed the rocks in the swale (and not himself). Finding that the ordinance only prohibited the placement and maintenance of the rocks, not the placement or maintenance, the court entered summary judgment for appellee.
The action then proceeded to trial on the common law negligence count. During cross-examination of appellee, appellant again sought to enter evidence of the Tamarac ordinance as evidence of negligence. Appellee's objection to this was sustained. Appellee also pointed out that the ordinance had not come into being until some six years after the previous owner had placed the rocks in the swale. The court noted that it had already ruled the ordinance inapplicable, and the jury was instructed to disregard any mention of the ordinance. The jury returned a jury verdict for appellee.
The issue presented is the proper construction of the Tamarac ordinance and whether the trial court reversibly erred in failing to admit evidence of the ordinance. The controlling factor of statutory construction is legislative intent. Although that intent is determined primarily from the language of the statute itself, St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982), a literal interpretation of the language of a statute need not be given when to do so would lead to unreasonable conclusions or defeat legislative intent. Holly v. Auld, 450 So.2d 217 (Fla. 1984). In the instant case, appellee argues that the ordinance as written is clear and unambiguous. The phrase "placement and maintenance" must be read in the conjunctive as it is written, and therefore the ordinance does not apply to appellee since appellee did not "place" the coral rock in the swale. Rather, his predecessor in title created the obstruction. Appellant, on the other hand contends that the "and" in the phrase must be construed as an "or" to give effect to the clear legislative intent. As expressed in the ordinance itself, its purpose is to protect persons using the roadway from hazards placed in the swale close to the roadway. Appellant contends that to apply the ordinance only to obstructions placed in the swale after passage of the ordinance would sanction the continuance of hazards already existing, contrary to the legislative purpose. However, by interpreting the "and" in the phrase as an "or", thus prohibiting maintenance of the rocks in the swale even if not placed by the owner, the legislative purpose of prohibiting hazards injurious to persons using the roadway would be fulfilled.
In Rudd v. State ex rel. Christian, 310 So.2d 295 (Fla. 1975), the Florida Supreme Court cited the language of Dotty v. State, 197 So.2d 315 (Fla. 4th DCA 1967), with approval, which stated:
In ascertaining the meaning and effect to be given in construing a statute the intent of the legislature is the determining factor. Although in its elementary sense the word "or" is a disjunctive participle *485 that marks an alternative generally corresponding to "either" as "either this or that"; a connective that marks an alternative. There are, of course, familiar instances in which the conjunctive "or" is held equivalent to the copulative conjunction "and", and such meaning is often given the meaning "or" in order to effectuate the intention of the parties to a written instrument or the legislative intent in enacting a statute when it is clear that the word "or" is used in the copulative and not in the disjunctive sense. Pompano Horse Club, Inc. v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; see also Pinellas County v. Woolley, Fla. App. 1966, 189 So.2d 217. Particularly do these rules apply, even if the results seem contrary to the rules of construction to the strict letter of the statute, when a construction based on the strict letter of the statute would lead to an unintended result and would defeat the evident purpose of the legislation. Payne v. Payne, 1921, 82 Fla. 219, 89 So. 538.
Dotty at 317-318. While Rudd and Dotty both considered the interpretation of "or" as "and", the reverse is also permitted as can be seen by Pinellas County v. Woolley, cited with approval in the foregoing decisions, in which the court noted:
Other jurisdictions have also acknowledged this rule of construction that the words "or" and "and" may be interchanged when it is required to effectuate the obvious intention of the Legislature and to accomplish the purpose of the statute. See ... Duncan v. Wiseman Baking Co., 357 S.W.2d 694 (Ky.App. 1962); ... Peacock v. Lubbock Compress Co., 252 F.2d 892 (C.A. 5th 1958) (remainder of citations omitted).
Pinellas County, 189 So.2d at 219. In both Peacock and Duncan the courts construed "and" to be "or" in order to accomplish the legislative intent of the statute. More recently, in Comptroller of Treasury v. Fairchild Industries Inc., 303 Md. 280, 493 A.2d 341 (1985), the Maryland appellate court followed the same rule noting that:
[C]ircumstances may require courts to construe the word "and" to mean "or" whenever such a conversion is mandated by the context of the words used; the principle is applicable to legislative enactments where it is necessary to effectuate the obvious intention of the legislature (citations omitted).
Comptroller 493 A.2d at 344. Therefore, it is well settled in the law that courts may construe "and" as "or" in statutes where legislative intent mandates it.
We agree with appellant that the obvious purpose of this ordinance is to prevent injuries to the travelling public. To exempt some hazards in the swales because they were not placed there by the current owners even though they continue to be maintained by the owners would thwart the purpose of the legislation. The construction advocated by appellee is thus unreasonable. Holly v. Auld.
Moreover, a reviewing court should defer to an agency's interpretation of a statute where that agency is responsible for administering the statute, and its interpretation is consistent with legislative intent and is supported by substantial competent evidence. Public Employees Relations Com'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987 (Fla. 1985). In this case, when the City of Tamarac through their code enforcement division became aware of the rocks maintained in the swale by appellee, it required appellee to remove them. Thus, the City's interpretation is consistent with a construction of the ordinance which interchanges "and" for "or".
Based on the foregoing, we hold that the trial court erred in concluding that the ordinance was not applicable to the facts of this case. The violation of the ordinance in question was evidence of negligence. deJesus v. Seaboard Coast Line R. Co., 281 So.2d 198 (Fla. 1973); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974). We reject the contention that the violation was negligence per se. Generally, a violation of a municipal ordinance is evidence of negligence. Dillon; Ahrens v. Hayworth, 189 So.2d 163 (Fla. 2d DCA 1966). This ordinance is for *486 the protection of the general public and is akin to a traffic ordinance which is evidence of negligence only. See Seaboard Coastline R. Co. v. Addison, 502 So.2d 1241 (Fla. 1987). Its breadth indicates that it was not only enacted to protect against injury caused, for instance, upon contact with the coral rock itself, but also to prevent accidents which may be caused by the maintenance of such hazards as shrubbery which obstructs motorists' views. Consequently, the summary judgment was proper as to Count II, but it was error to refuse to admit evidence to the jury of the existence of the ordinance.
Appellee contends that even if the trial court erred in regard to the ordinance, reversal is not warranted because the jury found that appellant was the sole proximate cause of her injuries. We disagree. The appellant was entitled to have the jury know of the violation of the statute and instructed thereon, and failure to do so is reversible error. Seaboard; Davis v. Otis Elevator Co., 515 So.2d 277 (Fla. 5th DCA 1987). The jury could have easily been misled into thinking that the appellee was not negligent at all if it did not know that appellee was violating the ordinance by maintaining the coral rocks in the swale. Consequently, a new trial is required.
Reversed and remanded for a new trial.
ANSTEAD and GLICKSTEIN, JJ., concur.