629 So.2d 191 (1993)
BYTE INTERNATIONAL CORPORATION, Appellant,
v.
MAURICE GUSMAN RESIDUARY TRUST NUMBER 1, etc., Appellee.
No. 93-348.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Brian S. Heller, Miami, for appellant.
Edward C. Vining, Jr., Miami, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Byte International Corporation (Byte) appeals an award of attorney's fees and costs to the Maurice Gusman Residuary Trust in an action by the Gusman Trust, acting as landlord, to recover possession against the tenant Byte pursuant to section 83.231, Florida Statutes (1991). Money damages were neither sought nor awarded. Byte challenges the award of attorney's fees and costs on the ground that the statute, in derogation of the common law, does not authorize attorney's fees unless both possession and money damages are awarded. We agree with the trial *192 judge's ruling, and affirm the award of attorney's fees and costs.
Section 83.231 provides in part:
If the issues are found for plaintiff, judgment shall be entered that he recover possession of the premises. In addition to awarding possession of the premises to the plaintiff, the court shall also direct, in an amount which is within its jurisdictional limitations, the entry of a money judgment in favor of the plaintiff and against the defendant for the amount of money found due, owing, and unpaid by the defendant, with costs... . [T]he plaintiff in the judgment for possession and money damages may also be awarded attorney's fees and costs. (emphasis added).
Courts may construe "and" as "or" in statutes where a construction based on the strict reading of the statute would lead to an unintended or unreasonable result and would defeat the legislative intent of the statute. Winemiller v. Feddish, 568 So.2d 483, 485 (Fla. 4th DCA 1990). Following the reasoning of Winemiller, we see no reason why the word "and" used in the statute should not be given the meaning "or" in the circumstances of only recovering possession of real property and not also recovering money damages. Such a construction is entirely in accord with the legislative history of the enactment of this particular statute. The debate before the Florida House of Representatives on the final passage of section 83.231, Florida Statutes (1991) reflects this construction:
Representative Renke: Under Section 1 on page 2 of the bill, the Florida Statute 83.231 provides that "the plaintiff in the judgment for possession and money damages may also be awarded attorney's fees and costs." Is the intent of that to allow the plaintiff to recover attorney fees in the case where he only goes for a judgment of possession, even if he is not seeking money costs?
Representative Drage: I believe that the intent of this bill  and I'll stand corrected if Mr. Cosgrove disagrees  is to make sure that attorney's fees will be awarded either in the case eviction without money damages is involved or in the case where there is an eviction with money damages involved.
The legislative history of the adoption of a statute may be judicially noticed by the court to clarify ambiguity and illuminate the judiciary as to legislative intent. Amos v. Moseley, 74 Fla. 555, 77 So. 619 (1917). Here, legislative intent clearly includes permitting a landlord to recover attorney's fees from a tenant pursuant to a judgment for possession only or pursuant to a judgment for possession and money damages.
Accordingly, the order of the trial court awarding attorney's fees and costs is affirmed.