FLETCHER, Judge.
The Florida Department of Health and Rehabilitative Services [HRS] appeals an order awarding attorney’s fees against it and in favor of Irwin S. Morse, M.D. in an action for breach of a commercial lease. Concluding that there was no authority for an award of attorney’s fees, we reverse the order.
At the expiration of its lease with Dr. Morse, HRS vacated the leased premises (located in the Town Square Mall in Marathon). Shortly thereafter, Dr. Morse filed suit claiming that HRS had left the premises in an extensively damaged condition. The jury returned a verdict, finding that HRS had breached the lease agreement by failing to return the premises in good and tenant-able condition, and awarding Dr. Morse $6,745.30 in damages and $15,413.01 for lost rent, for which judgment was entered. After hearing expert testimony, the trial court subsequently concluded that Dr. Morse was entitled to recover attorney’s fees in the amount of $30,000, which amount it awarded.
HRS contends that there is no basis upon which the attorney’s fee award could have been made as the lease agreement contains no provision for the award of attorney’s fees and there is no statutory authority therefor. HRS additionally contends that the amount of attorney’s fees awarded is excessive and unreasonable. On the other hand, Dr. Morse argues that the 1995 version of section 83.231, Florida Statutes, authorizes the award and that the amount is neither excessive nor unreasonable and is supported by expert testimony.
We conclude that section 83.231, Florida Statutes (1995) is not applicable here, thus there can be no award of attorney’s fees. As a result, we do not reach the issue as to the propriety of the amount of the award.
Section 83.231, Florida Statutes (1995), which relates to actions by landlords against their tenants for the recovery of possession of premises, reads in pertinent part:
“If the issues are found for plaintiff, judgment shall be entered that plaintiff recover possession of the premises. If the plaintiff expressly and specifically sought money damages in the complaint, in addition to awarding possession of the premises to the plaintiff, the court shall also direct, in an amount which is within its jurisdictional limitations, the entry of a money judgment in favor of the plaintiff and against the defendant for the amount of money found due, owing, and unpaid by the defendant, with costs_ Where otherwise authorized, by law, the plaintiff in the judgment for possession and money damages may also be awarded attorney’s fees and costs. If the issues are found for defendant, judgment shall be entered dismissing the action.” (emphasis supplied)
The first barrier to Dr. Morse’s fee recovery is the nature of the subject action. As it is an action for recovery of damages alone and is not an action for recovery of possession of leased premises, or for recovery of possession and money damages,[1] section 83.231 is simply inapplicable.
The second barrier is. the language, added by ch. 93-70, Laws of Florida, which provides for attorney’s fee awards “where otherwise authorized by law.” Thus, even if actions for landlords’ monetary damages only (without a claim for recovery of possession) *642 were included in section 83.231, there still could be no award of attorney’s fees without some additional authority. In attempting to find this additional authority, Dr. Morse directs our attention to section 57.105(1), Florida Statutes (1995), which provides for an attorney’s fee award to a prevailing party where the court finds there was a complete absence of a justiciable issue of law or fact raised by the losing party. The trial court did not make such a finding here,[2] thus section 57.105(1) does not authorize an award of attorney’s fees. No other authorization has been suggested to us.
Accordingly, the trial court’s order awarding attorney’s fees to Dr. Morse is reversed.

. In construing an earlier (1991) version of section 83.231, we determined, based on the intent of the legislature, that its attorney’s fees provision applied to actions for the recovery of possession only, as well as to actions for recovery of possession and money damages, notwithstanding the language which, if taken literally, appeared to apply only to actions which included both recovery of possession and monetary damages. See Byte Int'l Corp. v. Maurice Gusman Residuary Trust No. 1, 629 So.2d 191 (Fla. 3d DCA 1993).

. Our review of the record satisfies us that issues sufficient to preclude such a finding were raised.