DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DESTINY FULFILLED OUTREACH MINISTRIES, INC.** d/b/a
**LITTLE WALKER'S AT THE EARLY LEARNING CENTER,**
Appellant,

v.

**INVESTMENTS SWK, LLC,**
Appellee.

No. 4D22-228

[March 15, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO21-024517.

Michael L. Buckner of Buckner Legal Self-Help Program, Inc., Coral Springs, for appellant.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellee.

### *ORDER DENYING APPELLEE'S MOTION FOR ATTORNEY'S FEES*

GROSS, J.

By a separate opinion, we affirmed a final judgment for eviction. That decision affirmed the county court's decision that the parties did not have a meeting of the minds sufficient to create a lease for a term of years, so that the tenancy created was month-to-month.

In that appeal, the lessor, Investments SWK, LLC, moved for prevailing party attorney's fees pursuant to Florida Rule of Appellate Procedure 9.400(b) and section 83.231, Florida Statutes (2022). We deny the motion for attorney's fees because the lessor's motion does not identify the legal basis for a fee award.

Section 83.231 governs the removal of tenant and judgment in nonresidential eviction cases and states:

> If the issues are found for plaintiff, judgment shall be entered that plaintiff recover possession of the premises. If the plaintiff expressly and specifically sought money damages in the complaint, in addition to awarding possession of the premises to the plaintiff, the court shall also direct, in an amount which is within its jurisdictional limitations, the entry of a money judgment in favor of the plaintiff and against the defendant for the amount of money found due, owing, and unpaid by the defendant, with costs. . . . *Where otherwise authorized by law, the plaintiff in the judgment for possession and money damages may also be awarded attorney's fees and costs.* If the issues are found for defendant, judgment shall be entered dismissing the action.

§ 83.231, Fla. Stat. (2022) (emphasis added).

Unlike the fee statute governing residential tenancies,[1] section 83.231 does not create a prevailing party's right to recover fees in a commercial tenancy. The language "[w]here otherwise authorized by law" indicates that there can be no award of attorneys' fees without some additional legal basis for such an award. The lessor fails to identify any additional authority authorizing attorney's fees and relies solely on Rule 9.400 and section 83.231 in its motion.

Accordingly, we deny the lessor's motion for appellate attorney's fees. *See Fla. Dep't of Health & Rehab. Servs. v. Morse*, 708 So. 2d 640, 641–42 (Fla. 3d DCA 1998) (reversing attorney's fees awarded to landlord and noting that even if section 83.231 applied, fees under section 83.231 could be awarded only "where otherwise authorized by law," and the landlord did not suggest any other authorization to the court warranting prevailing party attorney's fees in that case); *Nuñez v. Aviv Air Conditioning, Inc.*, 319 So. 3d 731, 734 (Fla. 3d DCA 2021) (noting that while Part II of Chapter 83, which applies to residential tenancies, has a provision that allows the prevailing party to recover attorney's fees in any civil action to enforce the provisions of the rental agreement, Part I, which applies to nonresidential tenancies contains no such provision).

CONNER and ARTAU, JJ., concur.

---

[1] *See* § 83.48, Fla. Stat. (2022) ("In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered may recover reasonable attorney fees and court costs from the nonprevailing party.").

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*