BARFIELD, Judge.
Mozelle E. Johnson appeals a final workers’ compensation order in which the deputy awarded all of the survivor’s benefits to decedent’s three surviving children and denied any benefits to appellant as a surviving dependent mother. The issue before the court is whether the deputy properly interpreted Florida Statutes § 440.16 in awarding benefits to the deceased claimant’s dependents.
John C. Johnson died as a result of a heart attack. The carrier began paying benefits to his three surviving children. *22 Through an investigation, however, the carrier also determined that the claimant’s mother had been dependent upon him. The carrier then commenced paying a portion of the benefits to the mother and reduced the benefits to the children correspondingly. The children disputed this action and the carrier sought a determination from the deputy.
After taking evidence, the deputy found that Mr. Johnson’s mother was his dependent and that finding has not been appealed. The carrier argued that the statute called for reduction of the amounts due pro rata. According to § 440.16, each child is entitled to 33½% and the parent, 25%. Obviously, since Mr. Johnson had three children, that added up to 125%. The carrier felt that the shares should be reduced proportionately to equal 100%. The children’s position was that they should each receive 33V3% of the available benefits and that Mrs. Johnson should take nothing. The deputy agreed with the children’s interpretation of the statute and so ruled. The mother appeals that ruling.
We agree with the parties that there is no Florida precedent on this question. While it may be the public policy of this state that a deceased claimant’s dependents should not become “charges of the community”, when there is not enough money to go around, someone must sacrifice. We agree with the deputy’s reading of the statute that the legislature intended that in a case such as this, it is a mother’s share that is sacrificed.
The statute makes no mention of a system employing the pro rata reduction proposed by the carrier and Mrs. Johnson. Instead, it speaks in terms of “preference” and “priority”:
[T]he employer shall pay ... [compensation ... in the following percentages of the average weekly wages to the following persons entitled thereto on account of dependency upon the deceased, and in the following order of preference, ... and may be less than, but shall not exceed, for all dependents or persons entitled to compensation, 66⅜ percent of the average wage:

3. To the child or children, if there is no spouse, 33V3 percent for each child.
4. To the parents, 25 percent to each, such compensation to be paid during the continuance of dependency.
Fla.Stat. § 440.16(l)(b) (Supp.1982) (emphasis added).
Where, because of the limitation in paragraph (l)(b), a person or class of persons cannot receive the percentage of compensation specified as payable to or on account of such person or class, there shall be available to such person or class that proportion of such percentage as, when added to the total percentage payable to all persons having priority of preference, will not exceed a total of said 66% percent, which proportion shall be paid:
(a) To such person; or
(b) To such class, share and share alike.

Id. § 440.16(3) (emphasis added). The member(s) of a preferred class should be paid their full shares where possible and the members of lower priority classes are left to divide up those funds, if any, that remain. In this case, there was nothing to award the mother after the children were given their shares.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.