597 So.2d 355 (1992)
PINELLAS COUNTY SCHOOL BOARD, Appellant,
v.
Charles HIGGINS, Appellee.
No. 91-983.
District Court of Appeal of Florida, First District.
April 13, 1992.
Karen Boroughs Lopez of Masterson, Rogers, Patterson, Masterson, O'Brien & Lopez, St. Petersburg, for appellant.
Peter N. Meros of Meros, Smith & Olney, St. Petersburg, for appellee.
BARFIELD, Judge.
The employer/carrier challenge a workers' compensation order awarding permanent total disability (PTD) benefits based on the average weekly wage (AWW) from a June 1987 accident in which the 57-year-old claimant fell off a ladder, injuring his lower back. They assert that the judge should have used the AWW from a subsequent compensable accident in August 1988, when the claimant slipped on a piece of paper and fell, again injuring his back. We affirm.
The claimant had been employed as a supervising custodian for the school board before his first accident. The JCC found that after the surgery, physical therapy, and a work hardening program, he was left *356 with considerable restrictions and pain. He returned to work for the school board, was given another custodian job at lower pay, and was required to perform some manual labor, which the judge found led to his second accident. She found that, based on the medical records, "it is clear that the claimant's current physical problems are a continuation of the problems suffered from the first accident and injury ... as aggravated by the second accident and injury ..." She concluded that "it would be unfair to penalize the claimant, who attempted to return to work at a lower wage and sustained additional injuries, while allowing the employer/carrier to receive a windfall by paying compensation based on the second and lower average weekly wage."
Competent, substantial evidence supports the judge's finding that claimant's current back problems are an aggravation of the first back injury. Appellants have cited no authority for their position, that the AWW from the second accident should have been used to determine the PTD compensation awarded. We have found no cases directly on point, and no section of chapter 440 deals directly with computation of PTD benefits when two compensable accidents have contributed to the claimant's PTD condition.
This claimant sustained an actual, apparently temporary, wage loss from the first accident, since he returned to work at a lower rate of pay. He did not qualify for wage loss benefits because his loss was not great enough, i.e., his subsequent salary was not less that 85% of his salary prior to the first accident, section 440.15(3)(b). He had been told that he would be given a position comparable to the one he held before the first accident, when it became available. He continued to experience pain and was restricted in his activities. After his second accident, he lost his ability to earn altogether, and became entitled to PTD benefits amounting to 66 2/3% of his AWW, section 440.15(1)(a).
Under these circumstances, we are of the opinion that the claimant should be compensated for his permanent total disability based upon the highest AWW he was able to earn from the employer. Given the same set of circumstances, except that the second compensable accident occurred while he was working for a second employer, the claimant could have chosen to seek PTD benefits from either employer (presumably, the one from whom he was earning the highest AWW), and that employer could then seek reimbursement from the other employer and, under the proper circumstances, from the Special Disability Trust Fund.
AFFIRMED.
BOOTH and SMITH, JJ., concur.