689 So.2d 288 (1997)
BURGER KING CORPORATION/CIGNA INSURANCE COMPANY, Appellants,
v.
Juana MORENO, Appellee.
No. 96-1134.
District Court of Appeal of Florida, First District.
February 3, 1997.
Rehearing Denied April 2, 1997.
*289 Ileana Marcos of Marcos & Rothman, P.A., Miami, for Appellants.
Jerold Feuer, Miami, and Barry Pemsler, Miami, for Appellee.
KAHN, Judge.
In this workers' compensation case, the Judge of Compensation Claims (JCC) applied the literal terms of section 440.15(1)(e)1., Florida Statutes (1991), and held that a claimant, 69 years old at the time of her injury, and who is receiving social security retirement benefits is entitled to permanent total disability supplemental benefits. We affirm.
The statute in question provides, in pertinent part, that entitlement to supplemental benefits "shall cease at age 62 if the employee is eligible for social security benefits under 42 U.S.C. ss. 402 and 423, whether or not the employee has applied for such benefits." The federal statutes mentioned provide for, respectively, social security retirement benefits and social security disability benefits. Without question, the claimant in the present case suffered her injury and became permanently and totally disabled when she was 69 years old. The unambiguous language of the statute before us would require, prior to cessation of entitlement to supplemental benefits, that the employee has reached age 62 and is eligible for both retirement and disability benefits under the Social Security Act. As noted by the JCC, 42 U.S.C. section 423(a)(1)B provides that disability benefits are not payable to any individual who has attained retirement age for social security purposes. Retirement age under 42 U.S.C. section 416(l)(1)(A) is 65 years old. Accordingly, Moreno was not eligible for social security disability benefits at the time she became permanently and totally disabled and will never be eligible for such benefits. The statute is clear and unambiguous, and the JCC did not err in applying its literal terms. Capers v. State, 678 So.2d 330 (Fla.1996); City of Miami Beach v. Galbut, 626 So.2d 192 (Fla.1993).
We decline appellant's invitation to construe the word "and" in the statute as "or." Unlike the cases relied upon by appellants, the present case does not involve a clear expression of legislative intent which is contrary to the plain language of the statute. See Byte Int'l Corp. v. Maurice Gusman Trust, 629 So.2d 191 (Fla. 3d DCA 1993); Winemiller v. Feddish, 568 So.2d 483, 486 (Fla. 4th DCA 1990). The construction of the statute employed by the JCC meets the legislative aim, as expressed in section 440.15, Florida Statutes (1991), by eliminating supplemental benefits for certain claimants between the ages of 62 and 65. Legislative intent to eliminate supplemental benefits for all claimants receiving either social security disability or retirement benefits is not clear, and we choose not to rewrite the statute.
Finally, in this case the employer and carrier failed to show Moreno's entitlement to social security disability benefits by virtue of her work-related injury or any other cause. Accordingly, we have no evidence in the record before us from which we might conclude, *290 but for the age bar, claimant would be eligible for social security disability benefits.
AFFIRMED.
ERVIN and BENTON, JJ., concur.