BARFIELD, Chief Judge.
In this workers’ compensation order, the judge of compensation claims (JCC) apparently misconstrued Pinellas County School Board v. Higgins, 597 So.2d 355 (Fla. 1st DCA 1992). In the case at issue, the claimant was injured in successive compensable accidents while working for the same employer and the second accident exacerbated the injury from the first accident. The employer and carrier (E/C) calculated the compensation benefits based on the claimant’s average weekly wage (AWW) at the time of the second accident, which was a lower figure than the AWW at the time of the first accident. The JCC cited the Pinellas County School Board decision as authority for using the higher AWW from the first accident. However, unlike the claimant in that case, this claimant presented no evidence that he returned to work at a lower paying job prior to the second accident because his injury from the first accident precluded his performing his regular job duties. In this case, the record indicates that after the first accident and before the second accident, the claimant continued to work at his regular duties and continued to earn a significant amount of overtime pay. There is some indi *231 cation that his base salary actually increased between the two accidents. No evidence was presented that his ability to perform his regular job duties was affected by the first injury, notwithstanding his testimony that he was in “constant pain.” Unlike the claimant in the Pinellas County School Board decision, there is no evidence that this claimant suffered any diminished earning capacity due to the first injury.
The determination of AWW is therefore REVERSED and the case is REMANDED to the JCC for further proceedings consistent with this opinion.
ERVIN and BENTON, JJ., concur.