PER CURIAM.
Harris Corporation and Kemper Group, the employer and carrier respectively, appeal an order awarding permanent total disability benefits to the claimant, James Gary. The employer and carrier assert that the Judge *801 of Compensation Claims erred as a matter of law in awarding permanent total disability benefits because Mr. Gary did not have a catastrophic injury as defined in section 440.02(34), Florida Statutes (Supp.1994), and was therefore not eligible for those benefits. Finding that the Judge of Compensation Claims correctly concluded that Claimant had sustained an “injury that would otherwise qualify ... [himjto receive disability income benefits under ... the Federal Social Security Act ... without regard to any time limitations provided under that Act,” and was therefore entitled to permanent total disability benefits under section 440.15(l)(b), Florida Statutes (Supp.1994), we affirm.
Claimant was 64 years old on June 27, 1994, when he first sought medical assistance for the severe bilateral carpal tunnel syndrome which resulted from repetitive stress injuries in the course and scope of his employment. The compensability of his injuries was not disputed. He underwent a number of surgical procedures, but they were not successful in relieving his condition. His median nerve is dead, and he has an extreme loss of sensation in his hands and can not perform sedentary work. Mr. Gary was 65 years old when he achieved maximum medical improvement on January 1, 1995, with a fifteen percent permanent impairment to his body as a whole. He was 66 years old at the time of the hearing on his claim for permanent total disability benefits.
The provision controlling eligibility for permanent total disability benefits mandates that “[o]nly a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability.” Section 440.15(l)(b), Florida Statutes (Supp.1994). It is undisputed that the claimant did not have a catastrophic injury as defined in section 440.02(34), subsections (a) through (e). Only if Mr. Gary had a catastrophic injury as defined in section 440.02(34)(f) would he be entitled to permanent total disability benefits. That provision defines catastrophic injury as:
Any other injury that would otherwise qualify under this chapter of a nature and severity that would qualify an employee to receive disability income benefits under Title II or supplemental benefits under title XVI of the Federal Social Security Act as the Social Security Act existed on July 1, 1992, without regard to any time limitations provided under that Act.
It is undisputed that there was competent substantial evidence to support the Judge of Compensation Claims’ findings that Mr. Gary had sustained an “injury that would qualify him to receive disability income benefits,” and would have been entitled to receive social security disability benefits, but for his age. Thus, the determinative issue is whether the definition of catastrophic injury in section 440.02(34)(f), Florida Statutes (Supp. 1994), precludes an award of benefits to one who meets every criteria for social security disability benefits except that such benefits could not be obtained due to age.
The employer and carrier argued that, as a matter of law, Mr. Gary did not have an “injury that would otherwise qualify under this chapter of a nature and severity that would qualify an employee to receive disability income benefits under ... the Federal Social Security Act ...” because he could not qualify for such benefits due to the fact that he has passed age 65. The Judge of Compensation Claims rejected that argument and adopted the claimant’s response, concluding that the proviso “without regard to any time limitations provided under that Act” means that age limitations contained in the Act are not a factor to be considered in determining eligibility for Florida Workers’ Compensation permanent total disability benefits. There is no express age limit on eligibility for permanent total disability benefits in section 440.15. Nor is catastrophic injury explicitly defined in section 440.02 in a manner that would exclude from the definition otherwise catastrophic injuries incurred by those over age 65. If the legislature had intended to incorporate such an age limitation, it could have done so expressly, as has been done in the past. See, e.g., section 440.15(3)(b)3.d., Florida Statutes (1981). We agree with the Judge of Compensation Claims’ decision to interpret section 440.02(34)(f) so that it is consistent with the remainder of the definition of *802 “catastrophic injury” in section 440.02, as well as the permanent total disability statute. We decline to adopt an inconsistent interpretation based upon an inference drawn from ambiguous language.
Further, this statute does not purport to limit the award of permanent total disability benefits due to a catastrophic injury as defined in section 440.02(34)© to claimants actually “eligible for” Social Security. If the words “eligible for Social Security” had been used, there would have been merit to the employer and carrier’s argument that the age limitations contained in the federal act affect eligibility for workers’ compensation benefits. For example, as explained in Burger King Corp. v. Moreno, 689 So.2d 288 (Fla. 1st DCA 1997), section 440.15(l)(e)l literally precludes entitlement to permanent total disability supplemental benefits for employees who are age 62 and “eligible for social security benefits ...” (emphasis added). “The legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended.” Florida Dep’t of Professional Regulation v. Durrani, 455 So.2d 515, 518 (Fla. 1st DCA 1984).
Accordingly, we conclude that the Judge of Compensation Claims correctly awarded permanent total disability benefits, because Mr. Gary has an injury which “would otherwise qualify” him for social security disability benefits, without regard to the age limitation contained in the Federal Social Security Act.
AFFIRMED.
BARFIELD, C.J., and ERVIN and DAVIS, JJ., concur.