730 So.2d 731 (1999)
John SCOTT, Appellant,
v.
MOHAWK CANOES and Riscorp Risk Management, Appellees.
No. 98-1295
District Court of Appeal of Florida, First District.
February 18, 1999.
Rehearing Denied March 26, 1999.
Stewart L. Colling and David I. Rickey of Morgan, Colling & Gilbert, P.A., Orlando, Attorneys for Appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, Attorney for Appellees.
PER CURIAM.
This cause is before us on appeal from an order of the Judge of Compensation Claims (hereinafter JCC) finding that Employer/Carrier was entitled to cease payment of permanent total disability supplemental benefits after a claimant turned 65 years old, which is the age when a claimant is no longer entitled to receive social security disability benefits.
In the instant case, Claimant was injured when he was 61 years old, and he began receiving social security disability benefits when he was 62 years old. E/C began payment of permanent total disability and supplemental benefits when Claimant was 64 *732 years old. At age 65, the Social Security Administration converted Claimant's disability benefits to retirement benefits. At this same time, E/C terminated payment of supplemental benefits, citing section 440.15(1)(e)1, Florida Statutes (1991), as authority. The JCC found that E/C had correctly ceased payment of supplemental benefits. We disagree, and reverse the JCC's order.
As we explained in Burger King Corp. v. Moreno, 689 So.2d 288 (Fla. 1st DCA 1997), the unambiguous language of section 440.15(1)(e)1, Florida Statutes, requires that prior to cessation of entitlement to supplemental benefits, a claimant must be eligible for both retirement and disability benefits under the Social Security Act. In the instant case, once Claimant reached age 65, he was no longer entitled to receive social security disability benefits. Accordingly, E/C incorrectly ceased payment of supplemental benefits when Claimant reached the age of 65.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, BENTON and VAN NORTWICK, JJ., CONCUR.