754 So.2d 50 (2000)
Gracette WILKINS, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD and Gallagher Bassett Services, Inc., Appellees.
No. 1D98-3901.
District Court of Appeal of Florida, First District.
January 27, 2000.
Rehearing Denied February 29, 2000.
*51 L. Barry Keyfetz, of Keyfetz, Asnis & Srebnick, P.A., Miami, for Appellant.
John M. Kelley, of Kelley, Kronenberg, Kelley, Gilmartin, Fichtel & Wander, P.A., Ft. Lauderdale, for Appellees.
KAHN, J.
In this workers' compensation case, the claimant, Gracette Wilkins, appeals an order of the judge of compensation claims (JCC) awarding attorney's fees and costs. Wilkins argues that, in determining the amount of fees due, the JCC erred in excluding supplemental benefits after age 65. We affirm.
During the attorneys' fee hearing before the JCC, a dispute arose regarding the calculation of benefits and the applicability of this court's statements in Burger King Corp. v. Moreno, 689 So.2d 288 (Fla. 1st DCA 1997), concerning section 440.15(1)(e)1., Florida Statutes. Section 440.15(1)(e)1., Florida Statutes (1993), provides that entitlement to permanent total disability (PTD) supplemental benefits "shall cease at age 62 if the employee is eligible for social security benefits under 42 U.S.C. ss. 402 and 423, whether or not the employee has applied for such benefits." In Moreno, the court concluded that this statute did not preclude an award of PTD supplemental benefits to a 69-year-old claimant who was receiving social security retirement benefits (under 42 U.S.C. section 402), but not social security disability benefits (under 42 U.S.C. section 423). See Moreno, 689 So.2d at 289.
At the fee hearing, the E/C argued that the Moreno case did not apply here because Wilkins was younger than 62 at the time of her accident and PTD designation, whereas Moreno was 69 at the time of her accident and never would have been eligible for or qualified for social security disability. According to the E/C's argument, in calculating the benefits secured for Wilkins, supplemental benefits should not be included after age 65.
Wilkins' attorney argued, however, that Wilkins would be entitled to supplemental benefits after age 65. He argued that, in finding Moreno entitled to supplemental benefits, the court indicated that such benefits cease only during the time when a claimant is eligible for both social security retirement and social security disability. Thus, because eligibility for social security disability benefits terminates after age 65, Wilkins would be entitled to supplemental benefits at that point. Wilkins' attorney also pointed out the Legislature considered changing the statute after the Moreno decision, but chose not to do so. Therefore, according to this argument, in calculating the amount of benefits secured for Wilkins, supplemental benefits should be excluded only between ages 62 and 65.
In the order on appeal, the JCC accepted the E/C's argument and distinguished Moreno "because of the age difference of the parties at the time of the award." The JCC thus found that the value of supplemental benefits after age 65 should not be included in the calculation of benefits secured and awarded fees accordingly. We agree.
*52 As noted above, section 440.15(1)(e)1. provides that entitlement to supplemental benefits "shall cease at age 62 if the employee is eligible for social security benefits under 42 U.S.C. §§ 402 and 423, whether or not the employee has applied for such benefits." Although this court has considered several cases involving this statute, no case has involved a claimant injured and found PTD before age 62. See Orlando Regional Healthcare System v. Owens, 731 So.2d 1278 (Fla. 1st DCA 1999) (claimant injured at age 62 and found PTD at age 63); Dixon v. Pasadena Yacht & Country Club, 731 So.2d 141 (Fla. 1st DCA 1999) (claimant injured at age 61 and found PTD at age 63); Scott v. Mohawk Canoes, 730 So.2d 731 (Fla. 1st DCA 1999) (claimant injured at age 61 and found PTD at age 64); Moreno, 689 So.2d at 289 (claimant injured and found PTD at age 69).
We hold that in cases such as this, where a claimant is injured and reaches PTD prior to age 62, the claimant is not entitled to supplemental benefits after age 65. The Legislature could have legitimately assumed that in these cases a claimant would not continue to work after a traditional retirement age. Indeed, in these cases, the "shall cease" language of the statute means just that. In Moreno the language could never have been triggered. To the extent that statements in our opinion in Moreno may indicate otherwise, such statements constitute dicta. Under Moreno where a claimant reaches PTD after age 62, the claimant is entitled to supplemental benefits after age 65.
AFFIRMED.
JOANOS, J., concurs; ALLEN, J., dissenting with written opinion.
ALLEN, J., dissenting.
The majority's new construction of the statute gives different meanings to the single word "cease," which is itself used but a single time in the relevant statutory language. I am aware of no precedent for this novel approach, and there is nothing in the statutory language that provides even a hint that the word has different meanings in different contexts.
Wilkins's attorney's argument at the fee hearing correctly expressed and applied our Moreno reasoning and construction of the statute. Rather than dispute this, the majority indicates that the Moreno language expressing this reasoning and statutory construction is "dicta." And, having so cast aside this impediment, the majority now takes a fresh look at the statutory language and concludes that it means something different than was expressed in Moreno. In fact, the statutory term "cease" will now have at least two different meanings.
The statutory language, as now construed by the majority, has different meanings, depending upon the age of a claimant when she "reaches" permanent total disability under the workers' compensation law. If a claimant is under age 62 when she reaches permanent total disability, her entitlement to supplemental benefits will "cease" forever at age 62 if she is then eligible for both retirement and disability benefits under the Social Security Act. But if a claimant is over 62 when she reaches permanent total disability and she becomes eligible for both retirement and disability benefits under the Social Security Act before age 65, the identical statutory language will cause this claimant's supplemental benefits to "cease" for only awhile, until age 65. We may now have to await further decisions of this court to find out whether the term "cease" will have yet another meaning in the situation where a claimant reaches permanent total disability before age 62 but becomes eligible for social security retirement and disability benefits at some time after age 62.
I also believe the majority opinion conflicts with our decisions in Dixon and Scott. Although it is possible to determine from the face of the Moreno opinion that the claimant in that case was more than 62 years old when she "reached" permanent *53 total disability under the workers' compensation law, the same cannot be said for the claimants in Dixon and Scott. The Dixon and Scott opinions indicate that the claimants in those cases were under age 62 when they were injured and that they began to receive payments of permanent total disability benefits after age 62, but those opinions do not indicate the claimants' ages when they "reached" permanent total disability. The fact that permanent total disability payments commenced when the claimants were over age 62 obviously does not mean, or even suggest, that they had not reached permanent total disability prior to their 62nd birthdays. It is, of course, commonplace for the initial payment of permanent total disability benefits to include payment for permanent total disability from a date months or years prior to the initial payment. The reason for this factual omission in Dixon and Scott is obvious. The Dixon and Scott panels relied for their holdings on the Moreno reasoning and construction of the statute, under which the claimants' ages when they "reached" permanent total disability were completely immaterial. Despite the immateriality of the asserted factual distinction between the decision here and the decisions in Dixon and Scott (a "distinction" that might not even exist), the majority seizes upon it so as to align its new construction of the statute with existing precedent. Because I am unable to reconcile the majority's holding in this case with the holdings in Dixon and Scott, as the holdings of those cases are properly determined from examination of the material facts recited in the Dixon and Scott opinions, I believe the majority opinion conflicts with both Dixon and Scott.
Once statutory language has been construed in a holding of this court, stare decisis precludes a panel of this court from later materially altering that construction in the absence of legislative amendment of the law or disapproval of the earlier construction by a higher court. Neither exception exists in this case. I would accordingly reverse that portion of the order under review by which the attorney fee is awarded, and I would remand this case for recalculation of the fee in light of the anticipated supplemental benefits payable pursuant to the statutory construction applied in Dixon, Scott, and Moreno.