831 So.2d 212 (2002)
Sara STYLES, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD and Gallagher Bassett Services, Appellees.
No. 1D01-3623.
District Court of Appeal of Florida, First District.
October 4, 2002.
L. Barry Keyfetz, Esquire of L. Barry Keyfetz, P.A., Miami, for Appellant.
Edward D. Schuster, Esquire and Greg Coican, Esquire of Massey, Coican & Schuster, LLC, Fort Lauderdale, for Appellees.
BENTON, J.
Sara Styles appeals the decision of the judge of compensation claims determining her date of injury to be April 14, 1992, instead of March 8, 1988, for purposes of calculating supplemental benefits in accordance with section 440.15(1)(e), Florida Statutes. We reverse.
The order under review found that "it appears that permanent total disability was a combination of the Claimant's multiple injuries with the School Board of Broward County including the 1988 and 1992 injuries." The order recited with apparent approval the parties' stipulation that "the applicable average weekly wage and compensation rate for permanent total indemnity benefits in this case is $595.42 and $344.00 respectively ... based upon the March 8, 1988 date of accident."
Ms. Styles contends here, as she did below, that March 8, 1988, should also be "the date of injury" for purposes of making the calculation required by the pertinent statutory language:
In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under the provisions of s. 440.20(12), the injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied *213 by the number of calendar years since the date of injury.
§ 440.15(1)(e), Fla. Stat. (1987 & 1991). The judge of compensation claims rejected this contention, noting that "the Claimant's permanent total disability status did not ripen until after the April 14, 1992 date of injury."
The date of accident determines the substantive law applicable in workers' compensation cases. See, e.g., Ace Disposal v. Holley, 668 So.2d 645, 646 (Fla. 1st DCA 1996); Paulk v. Sch. Bd., 615 So.2d 260, 261 (Fla. 1st DCA 1993). The language of section 440.15(1)(e) did not change between March 8, 1988, and April 14, 1992. Nor are we concerned in the present case with subsequent statutory changes requiring proof of major contributing cause. See Ch. 93-415, § 5, at 76, Laws of Fla. (1994) (codified at § 440.09(1), Fla. Stat. (Supp.1994)); see generally Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (en banc). Until the major contributing cause enactments, any industrial accident contributing to permanent, total disability was compensable. See, e.g., Curtis v. Bordo Citrus Prods., 566 So.2d 328, 330 (Fla. 1st DCA 1990) ("Benefits may be awarded for either disability or medical care which is causally related to the compensable accident and injury."); Koulias v. Tarpon Marine Ways, 538 So.2d 130, 132 (Fla. 1st DCA 1989) (same).
Observing that "no section of chapter 440 deals directly with computation of PTD benefits when two compensable accidents have contributed to the claimant's PTD condition," Pinellas County Sch. Bd. v. Higgins, 597 So.2d 355, 356 (Fla. 1st DCA 1992) (antedating major contributing cause amendments), we held "that the claimant should be compensated for his permanent total disability based upon the highest AWW he was able to earn from the employer." In support of this holding, the Higgins court invoked a hypothetical: "Given the same set of circumstances, except that the second compensable accident occurred while he was working for a second employer, the claimant could have chosen to seek PTD benefits from either employer," id., and would presumably have chosen the employer who paid the higher average weekly wage. Although here, as in Higgins, only one employer is involved, the Higgins "second employer" analysis supports the view that the date of injury on which the claimant's average weekly wage was higher should also be deemed the "date of injury" for purposes of section 440.15(1)(e).
An important purpose of workers' compensation law is to protect employees and their dependents from financial disaster. See Broward v. Jacksonville Med. Ctr., 690 So.2d 589, 591 (Fla.1997). Consonant with this overarching purpose, supplemental benefits are intended to offset the effects of inflation. See City of Clearwater v. Acker, 755 So.2d 597, 600 (Fla.1999); Dep't of Children & Families v. Monroe, 744 So.2d 1163, 1164 (Fla. 1st DCA 1999) ("The purpose of supplemental benefits is to allow for increases in the cost of living."); Americana Dutch Hotel v. McWilliams, 733 So.2d 536, 537 (Fla. 1st DCA 1999). These purposes would not be well served by a statutory construction permitting an employer to choose one date for calculating basic compensation benefits and another, more recent date for calculating supplemental benefits in accordance with section 440.15(1)(e). In the present case, the proper "date of injury" for both calculations is March 8, 1988.
Reversed and remanded.
MINER and LEWIS, JJ., concur.