PADOVANO, J.
This is an appeal from a final order of the judge of compensation claims requiring the employer and its servicing agent to pay retroactive death benefits to a surviving child at a weekly rate of 66% percent of the employee’s average weekly wage. Because the benefits available to any one surviving child are limited by statute to 33% percent of the decedent’s average weekly wage, we reverse.
The claimant, Diana Isabel Sanchez, is the daughter and sole surviving dependent of the deceased employee, Esteban Sanchez. Miss Sanchez was fifteen and living with her father when he died in a work-related accident. Her mother was living in Mexico and had never married Mr. Sanchez. The employer, Bestone East Coast USA Corp., and its servicing agent, Gallagher Bassett Services, Inc., began paying Miss Sanchez weekly death benefits at the rate of 33% percent of Mr. Sanchez’s average weekly wage, the amount authorized by section 440.16(l)(b)3, Florida Statutes.
Miss Sanchez then filed a petition for benefits, seeking an increase in death benefits to 66% percent of her father’s average weekly wage. She argued that the judge of compensation claims had discretion to increase her benefits beyond the 33% percent that would apply to a surviving child, because section 440.16(l)(b), Florida Statutes allows the judge to award total death benefits of up to 66% percent. Because there were no other claimants, Miss Sanchez argued that she was entitled to the full amount that would be available to all claimants.
The judge of compensation claims agreed, finding that, although the statute “preliminarily suggests” that a sole surviving child is entitled to 33% percent of the employee’s average weekly wage, the overall statutory scheme indicates that a judge has discretion to award a larger weekly benefit of up to 66% percent. The judge also relied on the policy of the workers’ compensation statute that a decedent’s beneficiaries should not be condemned to financial disaster. See Broward v. Jacksonville Medical Center, 690 So.2d 589, 591 (Fla.1997); Styles v. Broward County School Board, 831 So.2d 212, 213 (Fla. 1st DCA 2002). Based on this reasoning, the judge ordered Bestone and Gallagher Bas-sett to pay Miss Sanchez retroactive death benefits at the increased weekly rate of 66% percent of her father’s average weekly wage. The judge also assessed penalties and interest for all retroactive indemnity benefits owed.
*381 Bestone and Gallagher Bassett argue on appeal that the judge of compensation claims lacked discretion to increase the claimant’s death benefits beyond 33% percent, given the plain language of section 440.16(l)(b)3. That subsection provides that a surviving dependent child is entitled to death benefits at a rate of 33 % percent, and it contains no qualifications or exceptions. We agree that the judge erroneously interpreted the statute as affording discretion to vary this amount.
Subsection 440.16(l)(b)3 is not ambiguous. Consequently, it would be improper for a court to resort to principles of statutory interpretation to ascertain its meaning. If the legislature had intended to authorize a judge to award a surviving child more than 33% percent of the decedent’s average weekly wage in those cases in which the overall maximum has not been reached, it could have included such a provision in the statute. However, the statute contains no such provision.
The judge correctly noted that section (l)(b) authorizes death benefits for all survivors up to a total of 66% percent of the decedent’s average weekly wage, but that does not mean the total will be available in every case. For example, if there are five surviving children, the overall maximum of 66% percent would apply and each would receive a proportionate share. In contrast, if there is only one surviving child, the total benefits would be 33% percent, the maximum allowed under subsection (l)(b)3 for an individual surviving child, even though the employer would have been required to pay up to 66% percent had there been other children.
The stated purpose of the statute is to limit an award of death benefits, not to maximize it. Section (l)(b) provides that death benefits “shall be subject to the limits provided in s. 440.12(2), shall not exceed $150,000, and may be less than, but shall not exceed, for all dependents or persons entitled to compensation, 66% percent of the average wage.... ” § 440.16(l)(b), Fla. Stat. (2000) (emphasis added). To read this passage as extending judicial discretion to increase the percentages to which one dependent child is entitled is to ignore its clear contextual meaning.
As for the public policy argument, we acknowledged in Johnson v. Johnson, 477 So.2d 21 (Fla. 1st DCA 1985), that it is the policy of our state that a deceased employee’s dependents should not become charges of the community. However, while recognizing this principle, we nonetheless held in Johnson that this was not enough to overcome the plain language of section 440.16 as to the allocation of benefits and their order of preference. Id. Likewise, in the present case we hold that the policy considerations of the statute, while important, cannot be used to circumvent the unambiguous language of subsection 440.16(l)(b)3.
For these reasons, we reverse the award of increased death benefits and remand for reinstatement of benefits at the statutory rate of 33% percent. This holding effectively removes the legal basis for the award of penalties and interest on the retroactive benefits. That portion of the order is reversed, as well.
Reversed.
WEBSTER and HAWKES, JJ., concur.