913 So.2d 39 (2005)
HILLSBOROUGH COUNTY SCHOOL BOARD & Broadspire, Appellants,
v.
Sandra WARD, Appellee.
No. 1D04-5042.
District Court of Appeal of Florida, First District.
September 23, 2005.
Rehearing Denied November 2, 2005.
Pamela A. Walton, Esq. of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellants.
Frederick J. Daniels, Esq., Winter Park; Bill McCabe, Esq., Longwood, for Appellee.
LEWIS, J.
Appellants, the Hillsborough County School Board and Broadspire (collectively "the E/C"), appeal an order of the judge of compensation claims ("JCC"), which granted the petition for benefits filed by appellee, *40 Sandra Ward ("claimant"), in which she requested the reinstatement of permanent total disability ("PTD") supplemental benefits. The E/C first argues that, pursuant to our opinion in Wilkins v. Broward County School Board, 754 So.2d 50 (Fla. 1st DCA 2000), claimant's entitlement to supplemental benefits automatically ceased when she turned age 62 because she became permanently and totally disabled prior to reaching age 62. The E/C also argues that, even if claimant's entitlement did not automatically cease at age 62, claimant is no longer entitled to supplemental benefits because she is eligible for social security disability benefits. We find no merit in either of these arguments and, therefore, affirm the JCC's order.
As a result of claimant's 1993 compensable injury, the E/C paid her PTD benefits and PTD supplemental benefits. However, when claimant turned 62 in January 2004, the E/C terminated her supplemental benefits because claimant had reached PTD status prior to age 62. During the merits hearing, claimant testified that she began receiving social security retirement benefits at age 62.
Following the hearing, the JCC entered the order on appeal, finding that, in order to terminate claimant's supplemental benefits, the E/C had the burden of establishing, pursuant to section 440.15(1)(e), Florida Statutes, that claimant would be eligible for both social security retirement benefits and social security disability benefits. Because the E/C failed to present any evidence that claimant was eligible for social security disability benefits, the JCC ordered that the E/C reinstate claimant's supplemental benefits. This appeal followed.
Section 440.15(1)(e)1., Florida Statutes (1993), provides, in pertinent part:
In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under the provisions of s. 440.20(12), the injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years since the date of injury.... Entitlement to these supplemental payments shall cease at age 62 if the employee is eligible for social security benefits under 42 U.S.C. ss. 402 and 423, whether or not the employee has applied for such benefits.[1]
(Emphasis added). The federal statutes mentioned provide for, respectively, social security retirement benefits and social security disability benefits. There is no dispute in this case that claimant is eligible for social security retirement benefits.
With respect to social security disability benefits, 42 U.S.C. § 423(a)(1) (1991), provides that an individual will be entitled to such benefits if he or she:
(A) is insured for disability insurance benefits (as determined under subsection (c)(1) of this section),
(B) has not attained retirement age (as defined in section 416(l) of this title),
(C) has filed application for disability insurance benefits, and
(D) is under a disability (as defined in subsection (d) of this section).
42 U.S.C. § 423(d)(1)(A) (1991), defines "disability" in part to mean the:
inability to engage in any substantial gainful activity by reason of any medically *41 determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.][2]
The E/C first argues that our Wilkins opinion supports the automatic cessation of PTD supplemental benefits to a claimant who reaches age 62 if he or she was rendered permanently and totally disabled prior to age 62. A review of our case law addressing section 440.15(1)(e)1. is necessary to address this issue.
In Burger King Corp. v. Moreno, 689 So.2d 288, 289 (Fla. 1st DCA 1997), we affirmed the JCC's ruling that the claimant, who was 69 years old at the time of her injury and who was receiving social security retirement benefits, was entitled to PTD supplemental benefits. We held that the unambiguous language of section 440.15(1)(e)1. "would require, prior to cessation of entitlement to supplemental benefits, that the employee has reached age 62 and is eligible for both retirement and disability benefits under the Social Security Act." Id. We noted that social security disability benefits are not payable to any individual who has attained age 65. Id. Thus, the claimant was not eligible for social security disability benefits at the time she became permanently and totally disabled and would never be eligible for such benefits. Id. We declined the E/C's invitation to construe the word "and" in section 440.15(1)(e)1. as "or" and found that the construction of the statute employed by the JCC met the legislative aim by eliminating supplemental benefits for certain claimants between the ages of 62 and 65. Id. We explained, "Legislative intent to eliminate supplemental benefits for all claimants receiving either social security disability or retirement benefits is not clear, and we choose not to rewrite the statute." Id. In affirming, we found that the "employer and carrier failed to show [the claimant's] entitlement to social security disability benefits by virtue of her work-related injury or any other cause." Id. Thus, there was no evidence in the record from which we could conclude that, but for the claimant's age, claimant would be "eligible" for social security disability benefits. Id. at 289-90.
Subsequently, in Scott v. Mohawk Canoes, 730 So.2d 731, 731 (Fla. 1st DCA 1999), we reversed the JCC's order finding that the E/C was entitled to cease payment of PTD supplemental benefits after the claimant turned 65. The claimant was injured when he was 61 and began receiving social security disability benefits when he was 62. Id. at 731. The E/C began paying the claimant PTD and PTD supplemental benefits when he was 64. Id. at 731-32. At age 65, the claimant's social security disability payments were converted to social security retirement benefits. Id. at 732. As a result, the E/C stopped paying PTD supplemental benefits. Id. In citing Moreno, we set forth that, once the claimant reached age 65, he was no longer entitled to receive social security disability benefits. Id. As such, we held that the E/C incorrectly ceased payment of PTD supplemental benefits. Id.; see also Dixon v. Pasadena Yacht & Country Club, *42 731 So.2d 141, 142 (Fla. 1st DCA 1999) (finding no error with the JCC's award of PTD supplemental benefits to the claimant after he reached 65 based on Scott).
The E/C is correct that both Moreno and Scott are distinguishable from this case in that, here, claimant became permanently and totally disabled prior to reaching age 62. We addressed a similar situation in Wilkins. There, we affirmed an order awarding attorney's fees and costs in which the JCC concluded that supplemental benefits were not due and owing. See 754 So.2d at 51. In doing so, we noted that the claimant was younger than 62 at the time of her accident and PTD designation. Id. In the order on appeal, the JCC accepted the E/C's argument and distinguished Moreno "`because of the age difference of the parties at the time of the award.'" Id. We held that, in cases where a claimant is injured and reaches PTD prior to 62, the claimant is not entitled to PTD supplemental benefits after age 65. Id. at 52. In doing so, we reasoned:
The Legislature could have legitimately assumed that in these cases a claimant would not continue to work after a traditional retirement age. Indeed, in these cases, the "shall cease" language of the statute means just that. In Moreno the language could never have been triggered. To the extent that statements in our opinion in Moreno may indicate otherwise, such statements constitute dicta. Under Moreno where a claimant reaches PTD after age 62, the claimant is entitled to supplemental benefits after age 65.
Id.
Thereafter, in Harrell v. Florida Construction Specialists, 834 So.2d 352, 358 (Fla. 1st DCA 2003), we rejected the claimants' argument that section 440.15(1)(e)1., Florida Statutes (1991), and section 440.15(1)(f)1., Florida Statutes (1995), were unconstitutional. Instead, we found that Wilkins controlled because both claimants were injured and reached PTD status prior to age 62. Id. As such, the claimants were not entitled to PTD supplemental benefits after age 65. Id.
Contrary to the E/C's argument, Wilkins does not stand for the proposition that PTD supplemental benefits automatically cease when a claimant reaches age 62 if the claimant was permanently and totally disabled before age 62. First, the E/C's interpretation of Wilkins ignores the latter part of section 440.15(1)(e)1., which provides that supplemental benefits shall cease at age 62 if a claimant is eligible for both social security retirement benefits and social security disability benefits. Moreover, the issue currently before us, whether an E/C may automatically terminate PTD supplemental benefits when a claimant who reached PTD status prior to age 62 turns 62, was not before us in Wilkins. What we held in Wilkins was that a claimant who is permanently and totally disabled prior to age 62 is not entitled to have his or her supplemental benefits reinstated after age 65. In situations such as the one presently before us, in order to stop paying PTD supplemental benefits to a claimant who turns 62, it must first be established that the claimant is eligible for both social security retirement and social security disability benefits. In the event that the claimant is eligible for both and, thus, no longer entitled to PTD supplemental benefits, the supplemental benefits should not be reinstated after age 65 pursuant to Wilkins.
The E/C also contends that, even if claimant's entitlement to PTD supplemental benefits did not automatically cease when she turned 62, she is no longer entitled to the benefits because she is eligible for social security disability benefits. According to the E/C, the word "eligible," as *43 used in section 440.15(1)(e)1., means that a claimant is insured for disability insurance benefits pursuant to 42 U.S.C. § 423(a)(1)(A). Stated differently, the E/C argues that it was not required to establish that claimant suffered from a disability pursuant to 42 U.S.C. § 423(a)(1)(D) in order to prove her eligibility for social security disability benefits. Again, we disagree. We conclude that a claimant is eligible, as that term is used in section 440.15(1)(e)1., for social security disability benefits if he or she is insured for disability insurance benefits, is younger than age 65, and is under a disability. See 42 U.S.C. § 423(a)(1).[3] Case law supports our interpretation. See Gill v. USX Corp., 588 So.2d 1035, 1037-38 (Fla. 1st DCA 1991) ("In regard to his eligibility for Social Security disability benefits the Social Security Act requires in part that the individual be unable `to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .'"); see also Barnhart v. Thomas, 540 U.S. 20, 21-22, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) ("A person qualifies as disabled, and thereby eligible for such benefits, `only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot ... engage in any other kind of substantial gainful work. . . .'"); Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.2001) ("Under the Social Security Act, individuals who are `under a disability' are eligible to receive benefits."); Olson ex rel. Estate of Olson v. Apfel, 170 F.3d 820, 823 (8th Cir.1999) ("Though nominally a definitional provision, [42 U.S.C.] § 423(d) is in reality the provision that delineates eligibility for Social Security disability benefits."); Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459 (9th Cir.1995) ("Section 423 of the [Social Security] Act establishes the statutory eligibility requirements.. . .").
Here, as the JCC found, the E/C failed to present any evidence that claimant was eligible for social security disability benefits and declined an invitation to continue the merits hearing so that the issue could be addressed in more detail. As such, the E/C failed to establish that claimant is no longer entitled to PTD supplemental benefits.
Accordingly, we AFFIRM.
DAVIS and BROWNING, JJ., concur.
NOTES
[1] PTD Supplemental benefits serve as a cost of living increase. See Dep't of Children & Families v. Monroe, 744 So.2d 1163, 1164 (Fla. 1st DCA 1999).
[2] Specifically, the five-step sequential evaluation to determine whether someone is disabled for purposes of receiving social security disability benefits asks: (1) is the individual performing substantial gainful employment; (2) does the individual have a severe impairment; (3) does the individual have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) can the individual perform her past relevant work; and (5) based on the individual's age, education, and work experience, can he or she perform other work of the sort found in the national economy. Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir.1995) (citing 20 C.F.R. § 404.1520).
[3] Although the social security law also requires that a claimant apply for disability benefits to be entitled to such benefits, section 440.15(1)(e)1. prescribes that a claimant may be eligible for social security benefits "whether or not the employee has applied for such benefits."