PER CURIAM.
 

 The employer/carrier (E/C) raise four issues on appeal. However, issues one and two are redundant, as are issues three and four. Accordingly, they have been consolidated into two issues. For the reasons explained below, we affirm as to the first issue, and reverse as to the second.
 

 The first issue concerns the E/C’s contention that the JCC overlooked evidence that Claimant was eligible for both social security disability and retirement benefits when he reached age 62, and consequently, the E/C is entitled to cease paying permanent total disability (PTD) supplemental benefits at that time. The transcript of the final hearing shows the E/C twice expressly agreed that the only evidence the JCC needed to consider in making his findings were the facts as stipulated by the parties. Thus, they cannot argue on appeal that the JCC erred in overlooking any other evidence.
 
 See Muina v. Canning,
 
 717 So.2d 550, 553 (Fla. 1st DCA 1998) (holding that, under the “invited error” rule, a party cannot successfully complain about error for which it is responsible).
 

 The second issue concerns the JCC’s ruling that, because the E/C failed to establish Claimant’s eligibility for social security retirement benefits when he reached age 65, Claimant was entitled to continued payment of PTD supplemental benefits after reaching that age. The JCC concluded the E/C’s payment of such benefits after Claimant reached 65 did not constitute an overpayment of benefits. However, we have held that, as a matter of law, “where a claimant is injured and reaches PTD prior to age 62, the claimant is not entitled to supplemental benefits after age 65.”
 
 See Wilkins v. Broward Cty. Sch. Bd.,
 
 754 So.2d 50, 52 (Fla. 1st DCA 2000).
 

 
 *385
 
 Here, the parties stipulated Claimant was injured and reached PTD status prior to age 62. Thus, under
 
 Wilkins,
 
 he was not entitled to PTD supplemental benefits after age 65. Accordingly, the JCC erred in finding Claimant was entitled to continued payment of these benefits after age 65. The E/C is entitled to recoup any payment of supplemental benefits after Claimant’s 65th birthday.
 
 See
 
 § 440.15(12), Fla. Stat. (2007);
 
 Brown v. L.P. Sanitation,
 
 689 So.2d 332, 333 (Fla. 1st DCA 1997) (superseded by statute on other grounds) (holding the enactment of section 440.15(12) was procedural, and thus retroactive).
 

 AFFIRMED in part, REVERSED in part, and remanded for proceedings consistent with this opinion.
 

 BROWNING, C.J., WEBSTER, and LEWIS, JJ., concur.