BENTON, J.
In this workers’ compensation case, Mark Braun argues the judge of compensation claims erred in denying his request that his former employer (and its servicing agent) be held 100% responsible for medical benefits attributable to a 1993 accident, notwithstanding a subsequent accident that complicated the picture. Applying *1217 the statute in force at the time of the accident, we reverse.
Mr. Braun suffered two compensable injuries to his cervical spine in the course and scope of his employment with Brevard County, one in 199B and one in 2005. On uncontroverted medical evidence, the order under review finds “that the January 8, 1993 neck injury involved the C5-6 level and the August 24, 2005 neck injury involved the adjacent C4-5 level.”
Mr. Braun sustained the later work injury in a motor vehicle accident, on account of which he received $15,000 from a third-party tortfeasor. Under the Workers’ Compensation Law,: Brevard County had subrogation rights in these settlement proceeds, § 440.39, Fla. Stat. (2005), the precise extent of which the parties fixed by agreement. Insofar as pertinent here, the agreement called for Mr. Braun to bear 25% of the cost of future remedial care incurred on account of the 2005 accident. For purposes of appeal — no party having raised the question — we assume the validity of this agreement. But see § 440.39(2), Fla. Stat. (2005) (“the amount recovered from the tortfeasor shall be set off against any compensation benefits other than for remedial care”).
Dr. Golovac, the authorized physician who had been treating Mr. Braun for the 1993 accident, was originally authorized to treat him for the 2005 accident, as well. Later, in connection with his 2005 accident only, Mr. Braun sought and obtained a one-time change in physician, pursuant to section 440.13(2)(f), Florida Statutes (2005). Still later, when he again visited Dr. Golovac, by then again authorized to provide treatment only for the 1993 injuries, Brevard County asserted it was entitled to apportion or allocate the charges for the treatment Mr. Braun received (and medications Dr. Golovac prescribed) between the two accidents because, Dr. Golo-vac had opined, 50% of his treatment was related to the 1993 accident and 50% was related to the 2005 accident.[1]
The order under review rejected appellant’s contention below, reiterated here, that he has a legal right to elect to seek all the benefits to which he was entitled because of the 1993 accident, even though he was later injured in another industrial accident. The judge of compensation claims wrote, “Practically speaking, I do not see an[y] evidence on how Dr. Golovac can prescribe medication only for the C5-6, level without treating the C4-5 level as well.” Purportedly relying on section 440.42(4), Florida Statutes (2005), and citing Pearson v. Paradise Ford, 951 So.2d 12 (Fla. 1st DCA 2007), the order under review “denied and dismissed with prejudice” all of Mr. Braun’s claims.
Because we are reviewing the application of the law to undisputed facts, our review is de novo. See Gilbreth v. Genesis Eldercare, 821 So.2d 1226, 1228 (Fla. 1st DCA 2002). The claims in the petition for benefits before the judge of compensation claims related only to the 1993 accident. “The date of accident determines the substantive law applicable in workers’ compensation cases. See, e.g., Ace Disposal v. Holley, 668 So.2d 645, 646 (Fla. 1st DCA 1996); Paulk v. Sch. Bd., 615 So.2d 260, 261 (Fla. 1st DCA 1993).” Styles v. Broward County Sch. Bd., 831 So.2d 212, 213 (Fla. 1st DCA 2002). At *1218 the time of the 1993 accident, medical bills were not subject to apportionment. See § 440.15(5)(a), Fla. Stat. (1991) (“Compensation for ... medical benefits ... shall not be subject to apportionment.”). Section 440.42 and Pearson have no application here.[2]
In 1993, the current “major contributing cause” standard had not been adopted. See Turner v. G. Pierce Wood Mem’l Hosp., 600 So.2d 1153, 1156 (Fla. 1st DCA 1992) (“In establishing causation, it is not necessary for the claimant to show that the industrial accident is the sole cause of the injury or condition, but only that it is either a competent, precipitating or accelerating cause of the injury.”). Dr. Golovac, who was authorized to provide treatment for the 1993 accident, opined— and the judge of compensation claims accepted his opinion — that the treatment he provided was necessitated, at least in part, by the injuries the 1993 accident caused.[3] Under the law in force at the time of the accident, Brevard County was responsible for the full cost of Dr. Golovac’s treatment for the 1993 accident, even if the treatment incidentally ameliorated the injury Mr. Braun suffered in a later industrial accident.
Reversed and remanded.
THOMAS and ROWE, JJ„ concur.

. Even under this view, claimant argues, the petition for benefits should not have been dismissed, because this would justify reducing reimbursement only by 12.5% (25% of 50%), and many, if not all, of the reductions in reimbursement exceeded this percentage. Given our disposition of the appeal, we need not address this contention or pause to "do the math.”

. Section 440.42(3), Florida Statutes (1991), is substantially identical to Section 440.42(4), Florida Statutes (2005), which provides:
When there is any controversy as to which of two or more carriers is liable for the discharge of the obligations and duties of one or more employers with respect to a claim for compensation, remedial treatment, or other benefits under this chapter, the judge of compensation claims shall have jurisdiction to adjudicate such controversy; and if one of the carriers voluntarily or in compliance with a compensation order makes payments in discharge of such liability and it is finally determined that another carrier is liable for all or any part of such obligations and duties with respect to such claim, the carrier which has made payments either voluntarily or in compliance with a compensation order shall be entitled to reimbursement from the carrier finally determined liable, and the judge of compensation claims shall have jurisdiction to order such reimbursement; however, if the carrier finally determined liable can demonstrate that it has been prejudiced by lack of knowledge or notice of its potential liability, such reimbursement shall be only with respect to payments made after it had knowledge or notice of its potential liability.
There is no dispute between carriers in the present case.

. The order under review states: "I find that Dr. Golovac's pain management opinions are well reasoned, and based on competent, substantial evidence, and I accept his clear and unequivocal opinions in their entirety.”