PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in denying his ongoing entitlement to permanent total disability (PTD) supplemental benefits, as well as attorney’s fees, costs, penalties, and interest. On cross-appeal, the Employer/Carrier (E/C) argues the JCC erred in finding the PTD supplemental benefits were payable through Claimant’s 66th birthday. Concluding that, under the plain language of the applicable statute and prior decisions of this Court, Claimant *1118 is entitled to ongoing PTD supplemental benefits, we reverse the order on appeal.
The pertinent facts are not in dispute. Claimant, who was born on September 12, 1945, was employed as a firefighter/paramedic and suffered a compensable heart attack on August 23, 1992. The E/C voluntarily accepted Claimant as being permanently and totally disabled on January 14, 1994; Claimant was 48 years of age. In addition to receiving PTD benefits, Claimant received PTD supplemental benefits, as provided for in section 440.15(l)(e)l., Florida Statutes (Supp. 1992). At age 62, Claimant began receiving social security retirement benefits. He applied for social security disability benefits twelve times and was denied each time. The E/C sua sponte ceased paying PTD supplemental benefits when Claimant was 66 years of age.
“Because we are reviewing the application of the law to undisputed facts, our review is de novo.” Braun v. Brevard Cnty., 44 So.3d 1216, 1217 (Fla. 1st DCA 2010). In construing a statute, courts must first look to its plain language. See Perez v. Rooms To Go, 997 So.2d 511, 512 (Fla. 1st DCA 2008). Section 440.15(l)(e)l., Florida Statutes (Supp.1992), which provides for PTD supplemental benefits, states: “Entitlement to these supplemental payments shall cease at age 62 if the employee is eligible for social security benefits under 42 U.S.C. ss 402 and 423, whether or not the employee has applied for such benefits.” (emphasis added). Section 402 relates to social security retirement benefits, and section 423 relates to social security disability benefits. Under the plain terms of the statute, an employee must be eligible for both social security retirement benefits and social security disability benefits for PTD supplemental benefits to cease at age 62. See Hillsborough Cnty. Sch. Bd. v. Ward, 913 So.2d 39, 42 (Fla. 1st DCA 2005) (holding that carrier seeking to cease payment of PTD supplemental benefits when claimant reaches age 62 must first establish claimant is eligible for both social security retirement benefits and social security disability benefits). Here, the unrefuted evidence showed that, when Claimant began receiving social security retirement benefits at age 62, he was not eligible — and never became eligible — for social security disability benefits. Because Claimant at no time after age 62 was eligible for both types of social security benefits, his entitlement to PTD supplemental benefits did not cease.[1] See id.; Burger King Corp. v. Moreno, 689 So.2d 288, 289 (Fla. 1st DCA 1997) (affirming order finding claimant entitled to PTD supplemental benefits, where claimant was 69 years old at the time of injury, and no longer was eligible for social security disability benefits pursuant to federal law); cf. Wilkins v. Broward Cnty. Sch. Bd., 754 So.2d 50, 52 (Fla. 1st DCA 2000) (holding that claimant’s PTD supplemental benefits, lost when claimant turned 62 and was eligible for social security retirement and disability benefits, could not resume at age 65, when claim *1119 ant no longer qualified for social security disability benefits).
The JCC erred in denying the claim for ongoing PTD supplemental benefits, and, for this reason, in denying the claims for penalties, interest, costs, and attorney’s fees, as well. Accordingly, we REVERSE the order on appeal and REMAND for entry of an order consistent with this opinion.
VAN NORTWICK, MARSTILLER, and RAY, JJ., concur.

. This provision was amended in 2003, and now employs the disjunctive “or,” instead of the conjunctive “and” relative to eligibility for the two types of social security benefits. See ch. 03-412, § 18, at 3916, Laws of Fla.:
These supplemental payments shall not be paid or payable after the employee attains age 62, regardless of whether the employee has applied for or is eligible to apply for social security benefits under 42 U.S.C. s.402 or s.403, unless the employee is not eligible for social security benefits under 42 U.S.C. s.402 or s.423 because the employee's compensable injury has prevented the employee from working sufficient quarters to be eligible for such benefits.
(Emphasis added.)